## CHARLES MULLER *v.* THE STATE.

CRIMINAL LAW. *Sale of liquor on Sunday. Witnesses.* On the trial of an indictment against the owner of a saloon for retailing spirituous liquors on Sunday, the bar keeper of the owner is not compéllable to testify, if his answer would expose him to a criminal charge for the same offense.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county.   L. B. HORRIGAN, J.

LUKE E. WRIGHT for Muller.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

Muller was called as a witness on behalf of the State on the trial of an indictment against John Wen-

dell for selling liquor on Sunday. Muller had not been a witness before the grand jury on the finding of the idictment. Being asked by the Attorney-General if to his knowledge the defendant Wendell had sold spirituous liquors on Sunday within twelve months before indictment found, Muller said that he was, and had been for several years last past the bar-keeper of the said Wendell, and could not testify to the selling of spirituous liquors by him on Sunday without criminating himself; and for that reason alone he declined to answer. The Attorney-General then stated in open court that he would not prefer an indictment against Muller upon said charge. The court thereupon ruled that said Muller must answer the question, and, upon his still declining to do so for the reason given, the court adjudged him in contempt, and fined him fifty dollars. From this judgment, Muller appealed in error.

A witness is not compellable to testify where it reasonably appears that his answer will tend to expose him to a criminal charge, and the statement of the Attorney-General was not such a protection from the charge as the witness was entitled to: *Page* v. *State,* MS. opinion. The owner of a drinking saloon may be held liable for a violation of the Sunday law by a sale of liquor by his agent or bar-keeper with his permission or tacit consent: *Neideiser* v. *State,* 6 Baxt., 499. And the employee would be guilty personally if he made the sale, or otherwise actively aided in the violation of the law: *State* v. *Caswell,* 2 Hum. 399. The owner and servant might also be

jointly indicted for the same act: *Id.* Under these circumstances, it does reasonably appear that the answer of the witness would tend to expose him to a criminal charge, and he could not therefore be compelled to testify on the trial of an indictment against his employer.

The judgment of the trial court must consequently be reversed.