JACKIE BLEDSOE, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

387 S.W.2d 811.

(*Knoxville,* September Term, 1964.)

Opinion filed March 4, 1965

WILLIAM S. TODD, TODD & DOSSETT, Kingsport, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for defendant in error.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

This appeal is from an order of the Criminal Court of Sullivan County revoking a suspended sentence previously granted the plaintiff-in-error and defendant, Jackie Bledsoe, for the admitted crimes of three burglaries.

The defendant was indicted by the Sullivan County grand jury for three burglaries at the November 1961 Term of the Criminal Court of that County. Two of the indictments charged the defendant with having committed burglary in the third degree. The third indictment charged him with burglary in the second degree. Each of the three indictments contained three counts; and, in addition to the burglary count, charged him with larceny and receiving and concealing stolen property. He was arraigned on the charges on November 30, 1961. He entered pleas of guilty to burglary in each case. A jury was impaneled and fixed his punishment at three years in each case. The trial judge continued the formal sentencing of the defendant until December 7, 1961, at which time he was sentenced and his sentences suspended for a period of three years.

By a petition of William H. Jackson, Probation and Parole Officer, the defendant was cited to appear before the Honorable H. C. Smith, Judge of the Criminal Court of Sullivan County, on April 22, 1964, for a hearing as to whether his suspended sentence should be revoked. The petition alleged defendant had been arrested for public drunkenness during the early morning hours of April 12, 1964, and he had been convicted of public drunkenness on November 1, 1963.

At the hearing Edgar Bralley testified he was a member of the Police Department of the City of Kingsport.

He stated on the morning of April 12, 1964, between four thirty and five o'clock, he was on duty. He and a fellow officer, Albert Fletcher, were in a patrol car patrolling the streets of Kingsport. They noticed a car pass through a stop sign. They followed the car and as the car proceeded along East Sevier Street and West Ravine Road, it was weaving from one side of the road to the other. It passed through seven stop signs at the rate of about forty miles an hour. The car struck a utility pole on West Ravine Road and was severely damaged.

A young man by the name of Kyle Culbertson had been driving the car. The officers found the defendant, Jackie Bledsoe, lying unconscious on the floor of the car.

The witness stated both young men were drunk and there was an odor of beer inside the car. Six cans of beer were found in the car. Bledsoe was taken to the Holston Valley Community Hospital. He was unconscious and was treated for a head injury.

Bralley further testified he talked with Bledsoe the following night at the hospital and he had told him he had been drinking prior to the accident and had passed out.

The witness further stated Bledsoe had paid a fine for reckless driving in May 1963 and that the Police records of the City of Kingsport showed defendant had also paid a fine for public drunkenness on November 1, 1963.

On cross examination, this witness admitted he did not observe the defendant after the accident other than in his unconscious condition, but that he was satisfied he was drunk when found in the car.

The State called as its next witness Kyle Culbertson. But his Attorney advised him not to answer any ques-

tions relative to the accident on constitutional grounds. The record shows he had been charged with driving while intoxicated on the occasion of the accident on the morning of April 12, 1964, and convicted of that offense in the City Court of Kingsport and his case was at the time pending on appeal in the Law Court at Kingsport.

Defendant's Counsel insisted on the right to question Culbertson but the trial judge overruled Counsel.

The defendant testified he was twenty-one years of age. He was only eighteen years of age at the time he was convicted of the burglaries in 1961. He admitted he had paid a fine for reckless driving in May 1963.

He also admitted he had been convicted on a charge of public drunkenness in the City Court of Kingsport on November 1, 1963. He vigorously denied he was intoxicated on the morning of April 12, 1964. He stated he was charged with that offense and posted a $20.00 bond to appear in the City Court on April 14, 1964, to answer the charge. He did not appear because of his injuries in the accident and the bond was forfeited. He stated he had been involved in two "incidents" in the State of Virginia.

He further testified he had regular employment. That he worked ten to twelve hours a day six and seven days a week. That he married in October 1963 and that his wife was pregnant.

He testified he worked over twelve hours on April 11, 1964. That night he and his wife had gone to his mother's home. He left his wife there about ten thirty o'clock and drove down town and bought a carton of beer. He met Joe Crawford and they later contacted Kyle Culbertson at a Drive-In restaurant. He and Culbertson each drank

three or four beers. He drove Culbertson to the home of Bobby Phillips. He went to sleep while they were talking about three o'clock in the morning. He did not remember what had happened after he went to sleep in the car until he awakened the following afternoon in the hospital. He again denied he was intoxicated but had had a severe blow to his head in the accident.

Joe Crawford testified he had been with the defendant until one o'clock on the morning of the accident. He drank only one or two beers while he was with him.

Bobby Phillips testified defendant and Culbertson came to his home about three o'clock on the morning of the accident. He went out to the defendant's car. Defendant went to sleep. He stated defendant appeared to be sober. He admitted there was some beer in the car. That he and Culbertson drank one beer each and when Culbertson left he gave him two cans of beer.

Defendant's wife, Wanda, testified she and the defendant were happily married. She was pregnant and expecting a baby the following November. She further stated defendant was regularly employed and worked ten to twelve hours a day. She stated she was confident the defendant could continue to be a good husband and make a good and useful citizen if his parole was not revoked.

Mrs. G. H. Stallard testified defendant and his wife lived in an apartment rented to them by her. She said they were good tenants and had lived quietly. That defendant worked long hours most every day. She was of the opinion defendant's parole should not be revoked.

Mrs. Betty Flanary, a neighbor to the defendant, testified she had known him most of his life. That he was a steady worker and enjoyed a good reputation. She

recommended to the Court his suspended sentence not be revoked.

Counsel stated to the Court there were present other witnesses who would testify to the good character and reputation of the defendant.

From the foregoing testimony, the trial judge found "the proof showed that the defendant was convicted of public drunkenness in November 1963 and forfeited his bond for public drunkenness in April 1964; and, also, two matters in the State of Virginia."

Accordingly, an order of revocation of the suspended sentence was entered.

Plaintiff-in-error has appealed and assigned three assignments of error. The first assignment is that the evidence preponderates against the judgment of the trial court revoking defendant's suspended sentence.

In support of this assignment, defendant insists the trial judge abused his discretion in ordering the revocation of defendant's suspended sentence.

It is argued defendant had been on probation for two years and four months at the time of the accident which brought about the revocation proceeding.

That during that time he had married, established a home and secured a permanent job. That on the occasion of the accident he had consumed only three or four beers and had gone to sleep in his car. Such conduct was only a minor breach of the conditions imposed upon him by the suspended sentence or probation. It is further argued this Court should hold "that only a clear departure from approved standards of social conduct will be sufficient to deprive a probationer of his right to try to adjust and

560

live in this complex society of the 1960's; and this Honorable Court should hold that when a young man has served more than two-thirds of his time on probation satisfactorily and can present good evidence of his strong efforts toward full rehabilitation, that an ill-advised consumption of a few beers will not deprive him of his place in society.''

The foregoing argument overlooks the fact defendant admitted he had paid a fine for reckless driving in May 1963 and had been convicted of public drunkenness in November 1963. He also admitted he had been involved in two ''incidents'' in Virginia. Further the witness, Bralley, testified defendant admitted to him he was drunk on the occasion of the accident. Although he vigorously denied he was drunk he forfeited his bond to appear on this charge. If he was physically unable to appear for the trial, he could have had the matter continued. He made no effort to do so. The evidence further shows there were six cans of beer found in the car after the accident.

The credibility of the witnesses was for the determination of the trial judge. He saw and heard the witnesses testify. We have only before us a meager narrative of the testimony. Under such circumstances, the trial judge was in much better position than we are to judge the weight and value of the testimony.

The evidence necessary to order a revocation of a suspended sentence does not require the quantum of proof necessary to convict one of a crime in the first instance. *Thompson v. State,* 198 Tenn. 267, 279 S.W.2d 261 (1955).

In that case this Court, speaking through our now Chief Justice Burnett, said further:

"A suspended sentence granted by the trial judge in the first instance is granted on the theory and basis that the person whose sentence is suspended is punished sufficiently and that he will not violate the law again—that he will lead a lawful life. When it appears to the trial judge that his confidence in the prisoner, and his effort to aid the prisoner in suspending part of his sentence, has been violated then it is entirely within the rights of the trial judge to suspend such sentence."

In the case of *Hooper v. State,* 201 Tenn. 156, 297 S.W. 2d 78 (1956), this Court said:

"In granting the probation and in suspending the probation the question is whether or not the court is satisfied that its action will subserve the ends of justice in the best interests of both the public and the defendant. And this rests in the sound discretion of the court. And this discretion of course means that the trial judge will and does exercise a conscientious judgment, not an arbitrary action."

The general rule in hearings of this nature is stated in 5 Wharton's Criminal Law and Procedure, 392 (Anderson Edition 1957):

"In those jurisdictions in which a provision is made for a hearing, the hearing is summary in nature. The defendant is not entitled to the same guarantees as a person who is not convicted and is merely on trial upon an accusation of crime; the court is not bound by the rules of evidence governing such a trial; and it is not necessary to prove beyond a reasonable doubt that the defendant has violated the conditions of the probation order."

From the evidence hereinabove set forth, we are satisfied the trial judge did not abuse his discretion by ordering defendant's suspended sentence revoked. Nor do we think it can be successfully argued his judgment under the facts was an arbitrary one.

■ As said in the case of *Finley v. State,* 214 Tenn., 149, 378 S.W.2d 169 (1964):

"In reviewing the action of the trial judge, pursuant to T.C.A. sec. 40-2907 (Supp.1963), this Court examines the record and if, as in the instant case, we find that the trial judge has exercised a conscientious judgment rather than an arbitrary one, then his judgment will be affirmed."

We conclude we must overrule defendant's first assignment.

Defendant's second assignment is: "The trial judge erred in allowing the Police Officer to swear that the defendant was drunk when said officer had no factual observations or basis for such a conclusion."

■■ We think this assignment of error is without merit and overrule it. The rule in this State in criminal cases is that a witness may testify a person was drunk without giving the facts or circumstances upon which the statements are based. *Harris v. State,* 160 Tenn. 396, 25 S.W.2d 586 (1929); *Daniels v. State,* 155 Tenn. 549, 296 S.W. 20 (1927). Moreover, there is testimony defendant admitted to the officer that he was drunk on the occasion.

■ For his third assignment of error defendant contends: "The trial judge erred in refusing to allow defendant's Counsel to cross examine the witness, Kyle

Culbertson, whose Attorney advised the Court that he, the witness' Attorney, had advised the witness not to answer any questions concerning the incident.''

We think this assignment is not good and overrule it.

Culbertson's Attorney advised him not to answer any questions relative to the accident on the morning of April 12, 1964. The record shows he had been convicted for driving an automobile while under the influence of an intoxicant growing out of the accident and he had appealed the conviction in the City Court to the Law Court of Kingsport where it was pending at that time.

It is not shown in the record what evidence defendant desired to elicit by questioning Culbertson. We are unable to ascertain from the state of the record whether the testimony desired would have tended to incriminate or expose the witness to a criminal charge. If it would have then he had a right to refuse to testify. Article 1, Section 9, Constitution of Tennessee; *Muller v. State,* 79 Tenn. 18 (1883).

We assume, however, the evidence desired was whether defendant was drunk on the occasion. Conceding he would have testified defendant was not drunk; yet, we think in view of the other evidence, the trial court was justified in finding he was. The officer testified the defendant admitted to him on the following night he was drunk on the occasion. We are unable to find from the record where defendant denied this testimony.

In any event, it is our opinion the action of the trial judge in refusing defendant's Counsel the right to cross examine the witness was harmless and resulted in no prejudice to defendant. T.C.A. sec. 27-117.

It results all assignments are overruled and the judgment of the trial court affirmed.

However, due to the age of the defendant and the seriousness of this matter, we are of the opinion a copy of this opinion should be transmitted to the Board of Pardons and Paroles for their consideration and final disposition of the fate of this young man.