IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

APRIL 1997 SESSION

FILED

July 31, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 03C01-9607-CC-00265 |
| | ) | |
| Appellee, | ) | SULLIVAN COUNTY |
| | ) | |
| VS. | ) | **HON. R. JERRY BECK, JUDGE** |
| | ) | |
| ERNEST GENE MANN, | ) | (Violation of Probation) |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

**GALE FLANARY**
Assistant Public Defender
P.O. Box 839
Blountville, TN 37617

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**H. GREELEY WELLS, JR.**
District Attorney General

**GREG NEWMAN** and
**GENE PERRIN**
Assistant District Attorney Generals
P.O. Box 526
Blountville, TN 37617

OPINION FILED: _____

AFFIRMED

**CHRIS CRAFT,**
**SPECIAL JUDGE**

**O P I N I O N**

The defendant, Ernest Gene Mann, appeals as of right from an order revoking his probation on three sexual battery convictions. The warrant for violation of probation alleged three violations: 1) that the defendant committed a domestic violence assault, 2) that he used an intoxicant to excess, and 3) that he failed to complete his sex offender treatment program. The state and defense tendered a guilty plea to the trial judge, the defendant admitting guilt to the last two charges, but pleading "no contest" to the domestic violence assault, with an agreed sentence of 30 days in jail and then 6 months in a community corrections program, a part of which would entail completion of the sex offender treatment program. The trial judge rejected the settlement, feeling that the defendant was statutorily ineligible for community corrections, sexual battery being a crime of violence to the person. A hearing was then had on a not guilty plea, at which the state called three witnesses. The defendant's wife, Lucretia Mann, was called by the state concerning the domestic violence assault, but recanted her statement to the police. She testified that she lied to the police about that incident and that she had really started the fight and that it was her fault. She also testified on cross-examination that the defendant missed his sex offender treatment session because they couldn't afford it..

The police officer who arrested the defendant for the domestic violence complaint then testified that he saw the wife's injuries and that the defendant had a strong odor of alcohol on his breath when arrested.

The final witness was the therapist who was giving the defendant his sex offender treatments, or "psycho-sexual evaluation." She testified that the defendant's wife first missed her appointment, which would have cost $90, and the defendant then missed his next appointment, which would have cost $120. She also stated that there was no evidence that the defendant or his wife ever called to cancel the appointments, or give a reason why they were missed.

The defendant offered no proof, other than the cross-examination of his wife, to show why he had not attended the counseling sessions. The trial judge found that the defendant's wife was a "thoroughly impeached" witness, and obviously gave her

2

financial excuse little credence. He dismissed the domestic violence and intoxication grounds, but found that the defendant violated his probation in missing his appointment with the therapist.

In probation revocation hearings, the credibility of the witnesses is for the determination of the trial judge. Bledsoe v. State, 387 S.W.2d 811, 814 (Tenn. 1965); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). On review, the findings of the trial judge have the weight of a jury verdict. Carver v. State, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978). When a trial judge finds that a defendant has violated the conditions of his or her probation, the judge has the authority to revoke probation. T.C.A. § 40-35-310. In making this determination, the trial judge need not find beyond a reasonable doubt that a violation of the terms of probation has occurred. The existence of a violation need only be supported by a preponderance of the evidence. T.C.A. § 40-35-311(d). The revocation of a suspended sentence rests in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). For this Court to find an abuse of discretion by the trial court in a probation revocation case, a defendant must demonstrate "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Delp, 614 S.W.2d at 398. In this case, the trial court exercised conscientious judgment in revoking appellant's probation. We therefore uphold the lower court's decision. While the actions that resulted in the revocation of his probation may seem trivial to appellant, he entered into the probation agreement knowing full well its terms and conditions. State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994). We find the existence of a violation to be supported by a preponderance of the evidence.

The judgment of the trial court is AFFIRMED.

_____
_____CHRIS CRAFT, SPECIAL JUDGE

3

CONCUR:

_____

JERRY L. SMITH, JUDGE


_____

JOE RILEY, JUDGE

4