# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## OCTOBER 1997 SESSION



FILED

December 31, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | |
| | **)** | **C.C.A. NO. 02C01-9611-CC-00413** |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **MADISON COUNTY** |
| VS. | **)** | |
| | **)** | **HON. FRANKLIN MURCHISON,** |
| **CLYDE A. EDGESTON,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Probation Revocation) |

FOR THE APPELLANT:          FOR THE APPELLEE:

**GEORGE GOOGE**          **JOHN KNOX WALKUP**
Public Defender          Attorney General & Reporter

**DANIEL J. TAYLOR**          **JANICE L. TURNER**
Asst. Public Defender          Attorney for the State
327 West Baltimore St.          450 James Robertson Pkwy.
Jackson, TN 38301          Nashville, TN 37243-0493

         **JERRY WOODALL**
         District Attorney General

         **NICK NICOLA**
         Asst. District Attorney General
         P. O. Box 2825
         Jackson, TN 38301

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

## O P I N I O N

The defendant was convicted on April 12, 1993, on six counts of reckless endangerment, vandalism over one thousand dollars ($1000), evading arrest, reckless driving, leaving the scene, driving while his license was in a revoked status, and violation of the motor vehicle registration law. For these convictions he received an effective sentence of eight years and was placed on intensive probation. On August 1, 1994, the defendant was transferred to regular probation.

On April 1, 1996, a warrant was issued alleging that the defendant had violated the terms of his probation by failing to report and by failing to pay costs and restitution. A hearing was held on June 25, 1996, and the trial court revoked probation and ordered the defendant to serve the entire sentence in the Department of Correction. It is from this order that the defendant now appeals, contending that the trial court erred in revoking his probation and in ordering him to serve the entire eight year sentence. We do not agree and, therefore, affirm the judgment below.

When a trial judge finds that a probationer has violated the conditions of his or her probation, the trial judge has the authority to revoke probation. See T.C.A. § 40-35-310. In determining whether or not to do so, the trial judge need not find beyond a reasonable doubt that a violation of the terms of probation has occurred. The existence of a violation need only be supported by a preponderance of the evidence. T.C.A. § 40-35-311(d).

In probation revocation hearings, the credibility of the witnesses is for the determination of the trial judge. Bledsoe v. State, 215 Tenn. 553, 387 S.W.2d 811, 814

2

(1965); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). On review the findings of the trial judge have the weight of a jury verdict. Delp, 614 S.W.2d 398; Carver v. State, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978). We will not disturb the judgment of the trial judge in the absence of an abuse of discretion. For this Court to find an abuse of the trial court's discretion, the defendant must demonstrate "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

At the hearing, the defendant admitted violating his probation by failing to report since May of 1995 and by failing to make payments of costs and restitution in two cases. The defendant explained this failure by testifying that he had stopped reporting because of his work hours. He explained that he was employed digging graves, had therefore been frequently out of town, and did not return until after his probation officer had completed his work day. He further testified that he had not had transportation to facilitate reporting. Although somewhat contradictory, the defendant explained his failure to pay court costs and restitution by explaining that he had been out of work for months at a time.

At the conclusion of the hearing, the trial judge found that the defendant had violated his probation in a substantial way, that the defendant had "elected not to be on probation from about May of '95 on, . . . ." The trial court further found that the defendant's explanations were not plausible nor reasonable. The trial judge concluded that the defendant had not made a good faith effort to make his restitution payments. The trial judge revoked the defendant's probation and ordered him to the custody of the Department of Correction and recommended Boot Camp.

The trial judge, in his discretion, determined that the defendant had violated the terms and conditions of his probation and that the defendant should serve his full sentence. The evidence adduced at the hearing supports the trial judge's findings and supports a finding that the defendant is not a good candidate for further probation. Finding no abuse of discretion, we affirm the judgment of the court below.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
PAUL G. SUMMERS, Judge

_____
DAVID G. HAYES, Judge