# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY SESSION, 1998

**FILED**

October 13, 1998

**Cecil W. Crowson**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9707-CC-00290** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **MAURY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES L. WEATHERFORD** |
| **JOHNNY DAVIDSON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal)** |

FOR THE APPELLANT:

JOHN E. HERBISON
2016 Eighth Avenue South
Nashville, TN 37204

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

MIKE BOTTOMS
District Attorney General

WILLIAM C. BRIGHT
Assistant District Attorney
809 South Main Street
Suite 200
Columbia, TN 38401

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On August 14, 1996, the Appellant, Johnny Davidson, pleaded guilty to four counts of selling cocaine, one count of selling marijuana, and one count of evading arrest. As a result, the Appellant received an effective sentence of twelve years unsupervised probation with the special condition that the Appellant contact the judge or his probation officer before re-entering the State of Tennessee. On May 9, 1997, the trial court revoked his probation. On appeal, the Appellant raises the following issues for review:

> 1) whether the trial court correctly revoked the Appellant's probation after law enforcement officers found cocaine on the Appellant's person;
> 2) whether the Appellant's presence in the State of Tennessee provided sufficient grounds for revocation, even though the trial court did not rely on this fact in revoking his probation.

After a review of the record, we affirm the judgment of the trial court.

## FACTS

At the probation revocation hearing, Howard Mangrum of the Maury County Sheriff's Department testified that on March 9, 1997, he was working security for Maury Regional Hospital when the Appellant was brought in for treatment of a gunshot wound. When Mr. Mangrum entered the emergency room, he noticed that the Appellant was clutching a bag in his hand. The Appellant was holding the bag in a tight grip, and Mr. Mangrum was initially unable to pry his fingers open. Mr. Mangrum testified that at this time, the Appellant was "just lying there motionless." After Mr. Mangrum removed the bag from the Appellant's grip, he

noticed that it appeared to contain crack cocaine. The contents of the bag were later identified as cocaine base.

Kianna Mostella, a friend of the Appellant, testified that she was with the Appellant when he was shot and that she did not see any drugs in his possession at that time. In addition, the Appellant testified that he did not have any drugs in his possession when he was shot and that he was unconscious at the time he was brought to the hospital emergency room.

At the revocation hearing, the State argued that the Appellant's probation should be revoked because he had entered the State of Tennessee without permission and because he was found with cocaine in his possession. In revoking the Appellant's probation, the trial court relied on the fact that the Appellant had been found with cocaine in his possession and not on the fact that he had been present in the State of Tennessee. The trial court stated:

> On this provision about leaving the state, now that -- in other words, I wouldn't feel comfortable in just ordering somebody to leave the state. I wouldn't, under these circumstances where he says he came to help out his grandmother who was sick at the time. I wouldn't revoke him on that. As far as the cocaine in his hand, that's sufficient for me. I'm satisfied by the preponderance of the evidence that he possessed this cocaine, crack cocaine, and I'm going to revoke his probation and his sentence, twelve year sentence, will be served.

## POSSESSION OF COCAINE

The Appellant contends that the trial court erred in revoking his probation because he was unconscious at the time he was found in possession of the cocaine and because there is no proof that he knowingly or intentionally

possessed cocaine. Specifically, the Appellant contends that absent proof of a culpable mental state, there is no evidence that his conduct was criminal and thus, no basis for revoking his probation. The circumstances upon which probation can be revoked are specified in Tennessee Code Annotated § 40-35-311(d):

> If the trial judge should find that the Appellant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court, to revoke the probation and suspension of sentence and cause the Appellant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310; provided, that in case of such revocation of probation and suspension, the Appellant has the right to appeal.

Tenn. Code Ann. § 40-35-311(d) (1997). The Tennessee Supreme Court has stated that under this section:

> The judgment of the trial court in this regard will not be disturbed on appeal unless it appears that there has been an abuse of discretion. In order for a reviewing court to be warranted in finding an abuse of discretion in a probation revocation case, it must be established that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred. The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment.

State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Thus, "[t]he revocation of a suspended sentence is committed to the sound judicial discretion of the trial judge, and his decision on the matter will not be reversed on appeal unless it appears that the trial judge has acted arbitrarily in the matter." State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981) (citing Finley v. State, 214 Tenn. 149, 378 S.W.2d 169 (1964)).

-4-

In this case, there was sufficient evidence for the trial court to revoke the Appellant's probation under Tennessee Code Annotated § 40-35-311 for violating the conditions of probation. Indeed, "[u]nder this section, compliance with our state laws is an automatic condition . . . ." State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997). There was sufficient evidence for the trial court to find that the Appellant had violated the conditions of his probation by possessing cocaine.[1] Mr. Mangrum testified that the Appellant had a bag of cocaine in his hand and that he would not let go of the bag. In fact, Mr. Mangrum testified that the Appellant initially had such a tight grip on the bag that he was unable to pry the Appellant's fingers open. Further, Mr. Mangrum never testified that the Appellant was unconscious at the time he was holding the bag, only that the Appellant was "just lying there motionless." It is a reasonable interpretation of this evidence that the Appellant could not have been gripping the bag of cocaine so tightly without intentionally holding the bag at some point. While this evidence may or may not have been strong enough to convict the Appellant of a criminal offense is not the test. "The evidence necessary to order a revocation of a suspended sentence does not require the quantum of proof necessary to convict one of a crime in the first instance." Bledsoe v. State, 215 Tenn. 553, 560, 387 S.W.2d 811, 814 (1965); Stamps v. State, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980).

It is true that both the Appellant and his friend, Ms. Mostella, testified that the Appellant did not have any drugs in his possession at the time he was shot and that the Appellant testified that he was unconscious when he was holding the

---

[1] It is a violation of Tennessee law to knowingly possess a controlled substance. Tenn. Code Ann. § 39-17-418 (1997). Cocaine is a Schedule II controlled substance. Tenn. Code Ann. § 39-17-408(4) (1997).

bag of cocaine. However, the trial court was free to decide how much weight to give this testimony. Indeed, "[i]n probation revocation hearings, the credibility of the witnesses is for the determination of the trial judge." State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (citing Bledsoe v. State, 387 S.W.2d 811, 814 (Tenn.1965); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App.1980)). Thus, the trial court was free to disregard this testimony as well as the resulting inference that someone else placed the cocaine in the Appellant's hand after he became unconscious.

Because we find that there was substantial evidence to support the trial court's conclusion that the Appellant had violated the conditions of his probation, we hold that the trial court did not abuse its discretion by revoking the Appellant's probation.

## APPELLANT'S PRESENCE IN THE STATE OF TENNESSEE

The Appellant also contends that the condition of his probation that he leave the State of Tennessee during the period of his probation was improper. However, because the trial court did not rely on this condition in revoking his probation, we need not address this argument.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

-6-

CONCUR:

-7-

_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE