**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**JUNE 1999 SESSION**

FILED

August 31, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 03C01-9808-CC-00317** |
| Appellee, | ) | |
| | ) | **BLOUNT COUNTY** |
| VS. | ) | |
| | ) | **HON. D. KELLY THOMAS, JR.,** |
| **ROGER DALE VANCE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**MACK GARNER**                         **PAUL G. SUMMERS**
District Public Defender                Attorney General & Reporter
419 High St.
Maryville, TN 37804                     **GEORGIA BLYTHE FELNER**
        (On Appeal)                     Asst. Attorney General
                                        Cordell Hull Bldg., 2nd Fl.
**GERALD L. GULLEY, JR.**              425 Fifth Ave., North
P.O. Box 1708                           Nashville, TN 37243-0493
Knoxville, TN 37901-1708
        (On Appeal)                     **MIKE FLYNN**
                                        District Attorney General
**MIKE HICKMAN**
250 East Broadway Ave.                  **PHILIP MORTON**
Maryville, TN 37804                     Asst. District Attorney General
        (At Hearing)                    Blount County Courthouse
                                        363 Court St.
                                        Maryville, TN 37804



OPINION FILED:_____



**AFFIRMED**



**JOHN H. PEAY,**
Judge

## O P I N I O N

On March 4, 1998, the defendant was found guilty at a bench trial of two counts of driving on a suspended license. The defendant received an effective sentence of eleven months, twenty-nine days. The trial court ordered the defendant to serve thirty days of that sentence in the county jail and the balance on probation. On August 10, 1998, a probation revocation hearing was held and the defendant was found to have violated the terms of his probation. The trial court then ordered the defendant to serve ninety days of his original sentence in jail and the balance on probation. It is from this order that the defendant now appeals, contending that the trial court erred in revoking his probation and in ordering him to serve ninety days of his original sentence in the county jail. We do not agree and, therefore, affirm the judgment of the court below.

When a trial judge finds that a probationer has violated the conditions of his or her probation, the trial judge has the authority to revoke probation. See T.C.A. § 40-35-310. In determining whether or not to do so, the trial judge need not find beyond a reasonable doubt that a violation of the terms of probation has occurred. The existence of a violation need only be supported by a preponderance of the evidence. T.C.A. § 40-35-311(d).

In probation revocation hearings, the credibility of the witnesses is for the determination of the trial judge. Bledsoe v. State, 387 S.W.2d 811, 814 (Tenn. 1965); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). On review, the findings of the trial judge have the weight of a jury verdict. Delp, 614 S.W.2d at 398; Carver v. State, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978). We will not disturb the judgment of the trial judge in the absence of an abuse of discretion. For this Court to find an abuse of the trial court's discretion, the defendant must demonstrate "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the

2

conditions of probation has occurred." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

The defendant first contends that substantial evidence does not exist to support the trial court's revocation of the defendant's probation. The record indicates that the defendant was originally found guilty on two counts of driving on a suspended license and placed on probation after a term of thirty days in the county jail. He was also declared a motor vehicle habitual offender and his license remained suspended. While on probation, the defendant was arrested for driving in violation of the Motor Vehicle Habitual Offender (MVHO) Act. At the probation revocation hearing, the defendant admitted that he was driving in violation of the MVHO Act while on probation. The defendant testified that he and his son were riding in a car while his girlfriend, Lisa Wisdom, was driving. According to the defendant, he and Ms. Wisdom began to argue. Ms. Wisdom then drove to a house where her sister was staying and went inside. The defendant and his son stayed in the car with the keys. After approximately thirty minutes, the defendant approached the house and realized Ms. Wisdom had left with her sister in her sister's car. The defendant testified that it was a hot day and his son was crying, so he decided to drive to a store located approximately one and one-half miles away in order to call a relative for a ride home. On the way to the store, the defendant was pulled over by the police for failure to use a turn signal. The defendant was subsequently arrested for driving in violation of the MVHO Act. The defendant reported the arrest to his probation officer and a probation violation report was filed.

The defendant claims that this single probation violation does not sustain the trial court's decision to revoke his probation. However, T.C.A. § 40-35-311(d) states that if the trial court finds the defendant has violated his probation, the trial judge may revoke probation. There is no requirement that more than one probation violation must occur before a defendant's probation may be revoked. See T.C.A. § 40-35-311(d). The defendant admits he violated his probation. This is substantial evidence of record to

3

support the trial court's revocation order. See State v. Yvonne Burnette, No. 03C01-9608-CR-00314, Knox County (Tenn. Crim. App. filed July 25, 1997, at Knoxville) (citing State v. Michael Emler, No. 01C01-9512-CC-00424, Maury County (Tenn. Crim. App. filed November 27, 1996, at Nashville); State v. Mitzi Ann Boyd, No. 03C01-9508-CC-00246, Sullivan County (Tenn. Crim. App. filed November 1, 1996, at Knoxville)). As such, we find the trial court did not abuse its discretion in revoking the defendant's probation.

The defendant next contends that the trial court erred in not allowing him to remain on supervised probation or placing him in a community corrections program in lieu of a term of incarceration. This Court has held that an accused, already on probation, is not entitled to a second grant of probation or another form of alternative punishment. State v. James Moffit, No. 01C01-9010-CC-00252, Williamson County (Tenn. Crim. App. filed April 4, 1991, at Nashville); see also State v. Jimmie L. Allen, No. 02C01-9509-CR-00286, Shelby County (Tenn. Crim. App. filed April 28, 1997, at Jackson). This Court has further held that there is "no authority in the Criminal Sentencing Reform Act of 1989 for the imposition of a community correction sentence following revocation of probation." State v. Bruce Cole, No. 02C01-9708-CC-00324, Gibson County (Tenn. Crim. App. filed June 11, 1998, at Jackson) (citing State v. Bowling, 958 S.W.2d 362, 364 (Tenn. Crim. App. 1997)). It is also well established that the trial court has the authority to revoke a defendant's probation and to impose the original sentence on the defendant. T.C.A. § 40-35-310, -311. The trial court may also "impose any penalty less than or equal to that sentence originally imposed upon the probationer." State v. Melvin Griffin, No. 01C01-9503-CC-00090, Williamson County (Tenn. Crim. App., filed November 16, 1995, at Nashville); see also State v. Danny L. Phillips, No. 01C01-9605-CR-00215, Wilson County (Tenn. Crim. App. filed May 16, 1997, at Nashville). Thus, the trial court had the authority to order the defendant to serve ninety days of the original eleven month, twenty-nine day sentence in incarceration with

the balance to be served on probation.

The defendant further contends that the trial court failed to consider applicable sentencing principles when deciding the issue of confinement. See T.C.A. § 40-35-103. However, this Court has previously held that while the consideration of sentencing principles is mandatory in determining a criminal defendant's original sentence, "reference to these principles is not necessary in determining the appropriate sanction following revocation of probation." State v. Howard Luroy Williamson, Jr., No. 02C01-9507-CC-00201, Madison County (Tenn. Crim. App. filed September 30, 1996, at Jackson); see also State v. Stevie Q. Taylor, No. 02C01-9504-CC-00108, Madison County (Tenn. Crim. App. filed May 1, 1996, at Jackson). As such, this contention is also without merit.

The record indicates that the trial court was within its discretion in revoking the defendant's probation and ordering him to serve ninety days of his original sentence in the county jail with the balance on probation. Accordingly, we affirm the judgment of the court below.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOHN EVERETT WILLIAMS, Judge