**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**DECEMBER 1998 SESSION**

**FILED**

March 2, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9803-CC-00147** |
| Appellee, | ) | |
| | ) | **MAURY COUNTY** |
| VS. | ) | |
| | ) | **HON. JIM T. HAMILTON,** |
| **MELONY BRANDON,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Probation Revocation) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**GREGORY D. SMITH**                **JOHN KNOX WALKUP**
One Public Square, Suite 321       Attorney General & Reporter
Clarksville, TN 37040
        (On Appeal)                **DARYL J. BRAND**
                                   Asst. Attorney General
**CLAUDIA JACK**                   Cordell Hull Bldg., 2nd Fl.
District Public Defender           425 Fifth Ave., North
                                   Nashville, TN 37243-0493
**BEVERLY J. WHITE**
Asst. Public Defender              **MIKE BOTTOMS**
809 South Main St., Suite 200      District Attorney General
Columbia, TN 38401
        (At Trial & On Appeal)     **STELLA HARGROVE**
                                   Asst. District Attorney General
                                   P.O. Box 1619
                                   Columbia, TN 38401-1619

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

## O P I N I O N

On March 7, 1997, the defendant pled guilty to forgery, vandalism, and theft.[1] The trial court sentenced the defendant to a total of eight years in the Tennessee Department of Correction. The sentence was immediately suspended and the defendant was placed on supervised probation. On January 12, 1998, the defendant's probation officer filed a petition to revoke her probation. After a probation revocation hearing, the trial court revoked the defendant's probation. The defendant now appeals. After a review of the record and applicable law, we find no merit to the defendant's contentions and thus affirm the judgment of the court below.

It is undisputed that the defendant violated several terms of her probation. At the probation revocation hearing, the testimony indicated that the defendant had failed to maintain employment and/or provide employment verification, had failed to report to her probation officer, had failed to pay court ordered fees and expenses, and had failed to pay probation fees. The evidence further indicated that after ten months on probation, the defendant had paid approximately forty dollars ($40) toward the nearly twenty-thousand dollars ($20,000) in court ordered fees and restitution. The defendant claimed she had obtained employment but did not report it to her probation officer, Mark Mays, because she was being paid "under the table." The defendant also insisted that she did not report to Mr. Mays because she did not have a ride and she could not get in touch with him to explain or reschedule her appointment because he was out of the office. The defendant further claimed that when she finally did report to Mr. Mays' office, he was meeting with someone else and, as she was in a hurry, she could not wait. In addition, the defendant testified that she had started nursing school in an effort to obtain a job that

---

[1] Although not an issue in the case at bar, we note that the defendant's name is spelled "Melanie Brandon" on the cover of the appellate briefs and "Melony Brandon" on her indictment. It is the policy of this Court to spell a defendant's name as it appears on the indictment.

2

would enable her to pay restitution.

The defendant now contends that the trial court erred in revoking her probation. When a trial judge finds that a probationer has violated the conditions of his or her probation, the trial judge has the authority to revoke probation. See T.C.A. § 40-35-310. In determining whether or not to do so, the trial judge need not find beyond a reasonable doubt that a violation of the terms of probation has occurred. The existence of a violation need only be supported by a preponderance of the evidence. T.C.A. § 40-35-311(d).

In probation revocation hearings, the credibility of the witnesses is for the determination of the trial judge. Bledsoe v. State, 387 S.W.2d 811, 814 (Tenn. 1965); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). On review, the findings of the trial judge have the weight of a jury verdict. Delp, 614 S.W.2d at 398; Carver v. State, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978). We will not disturb the judgment of the trial judge in the absence of an abuse of discretion. For this Court to find an abuse of the trial court's discretion, the defendant must demonstrate "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991).

In the case at bar, the defendant concedes that she violated the terms of her probation. However, she contends that the trial court erred in not allowing her to remain on supervised probation.

The defendant argues that it was error for the trial court to consider the State's implication that the defendant failed to contact Mr. Mays because she was unable to pass a drug screen. However, there was no indication that the court considered this

3

as a factor in the decision to revoke the defendant's probation.  As such, this contention is without merit.

The defendant further contends that her failure to pay restitution and court-ordered fees should not have been considered by the trial court.  She argues that even though she was indigent and usually unemployed throughout her probation, she paid some form of restitution, albeit a minimal amount, for four months.  In addressing the issue of indigency as a basis for probation revocation, the Tennessee Supreme Court has found that

> [i]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay.  If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation . . . .

State v. Dye, 715 S.W.2d 36, 40 (Tenn. 1986)(quoting Bearden v. Georgia, 461 U.S. 660, 672-73 (1983)).

In the case at bar, the defendant testified that she was employed at Tillie's Market from March 1997 until November 1997.  The defendant claims that she enrolled in nursing school in November 1997 and began working as a Nursing Assistant at NHC Columbia Healthcare in January 1998.   However, at the revocation hearing, the defendant did not introduce any evidence to corroborate her testimony.  In addition, the defendant failed to offer any evidence that she was unable to pay the court ordered fees.[2] Under these circumstances, it could easily be found that the defendant "willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay" court ordered fees.  Id.   As such, it was not error for the trial court to consider the defendant's failure to pay court-ordered fees and restitution at the probation revocation

---

[2] Although the defendant now implies that she was indigent, she also admits that she held the same job for nine months and that she received a paycheck, albeit in cash, from that employer.

hearing.

The defendant also challenges the trial court's consideration of the defendant's failure to report to Mr. Mays. The defendant argues that although the trial court found that if she was unable to reach Mr. Mays by telephone she should have written him a letter, the trial court failed to note that Mr. Mays was not present to testify at the revocation hearing. The defendant contends that if the State, Mr. Mays' employer, had trouble locating him, then "it is not far-fetched to believe that [the defendant] would have trouble locating [him] . . . ." This contention is meritless. The defendant concedes that she did not report to her probation officer. In addition, as it is within the discretion of the trial court to decide the credibility of the witnesses, it was not an abuse of discretion for the trial court to disbelieve the defendant's excuses. As such, it was not error for the trial court to consider the defendant's failure to report to her probation officer as grounds for probation revocation.

In sum, the defendant failed to report to her probation officer, failed to pay court costs and restitution, and failed to maintain and/or provide verification of employment. Therefore, it was not error for the trial court to revoke her probation and reinstate the original sentence. See T.C.A. § 40-35-310, -311 (1997). Accordingly, we affirm the judgment of the court below.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
JOSEPH M. TIPTON, Judge

5

_____
NORMA McGEE OGLE, Judge