IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2016

## STATE OF TENNESSEE v. STEVEN WILLIAM MILLER

**Appeal from the Circuit Court for Lawrence County**
**Nos. 32652, 32653     Stella L. Hargrove, Judge**

_____

### No. M2015-02013-CCA-R3-CD – Filed June 30, 2016
_____

Defendant, Steven William Miller, appeals the trial court's revocation of his probation, arguing that the trial court abused its discretion by ordering him to serve his original sentence in confinement. Upon our review of the record, we hold that the trial court did not abuse its discretion by revoking Defendant's probation and ordering Defendant's sentence into execution. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Brandon E. White, Columbia, Tennessee (on appeal); Claudia Jack, District Public Defender, and Robert Stovall, Jr., Assistant Public Defender (at hearing), for the appellant, Steven William Miller.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Brent Cooper, District Attorney General; and Christi Thompson and Gary Howell, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

*Factual and Procedural Background*

In three separate indictments, Defendant was charged with two counts of aggravated burglary, one count of aggravated assault, one count of theft of property valued $1000 or more but less than $10,000, one count of domestic assault, one count of

vandalism of property valued at $500 or less, and one count of simple assault. On November 3, 2014, Defendant entered a guilty plea to one count of aggravated criminal trespass, one count of aggravated assault, one count of vandalism of property valued at $500 or less, and one count of theft of property valued $1000 or more but less than $10,000. The other charges were dismissed.[1] Defendant received a total effective sentence of five years, with credit for eight months served in confinement and the balance to be served on probation. Defendant was also ordered to pay $5690 in restitution to Janet Kay Laws.

A probation violation report was issued on April 28, 2015, alleging that Defendant had been charged with domestic assault and did not report the arrest to his probation officer. The trial court dismissed the probation violation on June 11, 2015, after the underlying domestic assault charge was dismissed in General Sessions Court.

A second probation violation report was issued on July 16, 2015, alleging that Defendant had been charged in Lawrence County with theft of property valued at $500 or more but less than $1000. The trial court held a probation violation hearing on September 17, 2015.

At the hearing, Defendant's probation officer, Beth Ladner, testified that Defendant was placed on probation and began reporting in November 2014. Ms. Ladner testified that the current probation violation warrant was based on Defendant's arrest for theft of property valued at $500 or more but less than $1000 on July 2, 2015. Ms. Ladner testified that Defendant also had pending charges for domestic assault and violation of an order of protection, but she had not filed an amended probation violation report. In response to the trial court's question, Ms. Ladner testified that there were no receipts indicating that Defendant had made any payments toward his restitution amount of nearly $6000.

Mary Green, a clerk in the Circuit Court Clerk's Office, testified that Defendant pled guilty in General Sessions Court to misdemeanor theft of property valued less than $500 on July 27, 2015. A certified copy of the plea agreement in that case was entered into evidence.

Defendant testified on his own behalf. Defendant agreed that he pled guilty to misdemeanor theft after he had been placed on probation. Defendant also understood that the domestic assault charge that had been dismissed in General Sessions Court was bound

---

[1] The judgment forms for the dismissed charges do not appear in the record. Pursuant to *State v. Marquize Berry*, No. W2014-00785-SC-R11-CD (Tenn. Nov. 16, 2015) (order for publication), the trial court should enter separate judgment forms indicating the disposition of each charged offense.

over to Circuit Court and was still pending. Defendant admitted that he violated his probation.

Defendant testified that he had been shot four times while serving in the military and had broken his back twice. As a result, he was prescribed pain medication and developed an addiction. Defendant testified that he wanted to "get . . . clear of everything" so that he could take care of his daughter, who had autism and a brain tumor. Defendant went to a Suboxone clinic where they gave him Subutex, a medication intended to wean people off of opiates. Defendant testified that he was fine after the first dose but that he blacked out for three days after the second dose. It was during this period that Defendant committed the theft.

On cross-examination, Defendant stated that he did not recall taking over $600 worth of antiquities from an antique shop and attempting to sell them. Defendant also denied recalling that he admitted his actions to the investigator. Defendant testified that he pled guilty to something he did not remember doing because he did not want another felony on his record. As to the domestic assault charge, Defendant explained that he and the woman he was living with "were arguing about a money situation" and the neighbors called the police; Defendant denied there was any physical contact. Defendant also admitted violating his "conditional bond" by going to the woman's apartment but claimed that she called him to come get his work clothes.

Defendant denied that he would take any more of the Subutex and stated that he would agree to regular drug screens. Defendant explained that he took care of a girlfriend who was sick, her five children, and his disabled daughter. Defendant asked the trial court to give him a second chance on community corrections.

The trial court found that the State had proved by a preponderance of the evidence that Defendant had violated his probation by committing theft of property. Based on its previous experience with experts testifying about the effects of Suboxone and Subutex, the trial court found that Defendant was not credible as to the side effects he experienced after taking those medications. The trial court ordered Defendant to serve the remainder of his five-year sentence in confinement. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court abused its discretion by ordering Defendant to serve his sentence in confinement rather than reinstating him to probation. The State responds that the trial court did not abuse its discretion because Defendant admitted that he violated the terms of his probation when he pled guilty to misdemeanor theft. We agree with the State.

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310. Probation revocation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)).

In this case, Defendant admitted that he violated probation. This Court has "repeatedly cautioned that 'an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" *State v. Casey Dupra Drennon*, No. M2014-02366-CCA-R3-CD, 2015 WL 6437212, at *2 (Tenn. Crim. App. Oct. 23, 2015) (quoting *State v. Jeffrey A. Warfield,* No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999)), *no perm. app. filed*; *see also State v. Timothy A. Johnson,* No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002), *no perm. app. filed*. Clearly, measures less restrictive than confinement have been applied unsuccessfully to Defendant. The trial court did not abuse its discretion when it ordered Defendant to serve the remainder of his sentence in confinement.

*Conclusion*

Based on the foregoing, we affirm the judgment of the trial court.

_____
TIMOTHY L. EASTER, JUDGE