IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017


## STATE OF TENNESSEE v. ANTHONY DOWLEN

### Appeal from the Circuit Court for Rutherford County
### Nos. F-69958, F-70468A   David M. Bragg, Judge

### No. M2016-01830-CCA-R3-CD

The Defendant, Anthony Dowlen, appeals the Rutherford County Circuit Court's order revoking his community corrections sentence for his convictions for robbery, possession of a weapon, and evading arrest, and ordering him to serve the remainder of his effective twenty-five-year sentence in confinement. The Defendant contends that the trial court abused its discretion by revoking his community corrections sentence. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Gerald L. Melton, District Public Defender, and S. Ray White, Assistant Public Defender, for the appellant, Anthony Dowlen.

Herbert H. Slatery III, Attorney General and Reporter; Renee Turner, Senior Counsel; Jennings H. Jones, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On September 5, 2014, the Defendant was convicted of robbery, possession of a weapon, and evading arrest. The trial court placed the Defendant under supervision of the community corrections program. On February 19, 2016, a community corrections violation warrant was filed with the trial court and alleged that the Defendant tested positive for cocaine, that the Defendant admitted to using marijuana and to selling drugs, and that the Defendant violated his curfew on July 15, 2015. On May 16, 2016, a second warrant was issued, alleging that the Defendant had not reported to the community

corrections office since February 23, 2016, and was considered to have absconded from supervision.

At the revocation hearing, community corrections officer Brian Hawkins testified that he supervised the Defendant. Mr. Hawkins said that the Defendant's previous officer, Taylor Doyle, had filed two violation warrants against the Defendant. One warrant was filed when the Defendant absconded, and a second warrant was filed when the Defendant tested positive for cocaine. Mr. Hawkins further stated that on December 13, 2015, the Defendant admitted to using marijuana, that on January 5, 2016, the Defendant admitted to selling drugs, and that on July 15, 2015, Defendant failed to meet curfew.

Mr. Hawkins testified that the Defendant had signed an admission for failure to meet curfew and had also signed admissions for absconding, using marijuana, testing positive for cocaine, and selling drugs. Mr. Hawkins testified that these signed admissions were in the Defendant's community corrections file.

On cross-examination, Mr. Hawkins testified that he had met the Defendant before being assigned as his community corrections officer. Mr. Hawkins stated two other community corrections officers had briefly supervised the Defendant before Ms. Doyle. Mr. Hawkins stated that when the Defendant reported for supervision on February 23, 2016, the Defendant met with Ms. Doyle. Mr. Hawkins stated that he did not overhear the conversation between Ms. Doyle and the Defendant.

Mr. Hawkins testified that he had Ms. Doyle's notes from the February 23, 2016 meeting. Ms. Doyle's notes indicated that she advised the Defendant a warrant for his community corrections violation had been issued, that the Defendant planned to turn himself in "after his little girl's fifth birthday on Thursday," that the Defendant had been suicidal, and that Ms. Doyle advised the Defendant to seek counseling.

The Defendant testified that during December 2015 and January 2016, he was homeless. Relative to his admitting that he sold cocaine, he stated that he believed he was admitting drug use, not that he sold them. The Defendant testified that he had limited contact with Mr. Hawkins other than when Mr. Hawkins administered the drug test. The Defendant said he had not paid his court costs because he was told by a previous community corrections officer that he had until the end of his sentence to pay his costs.

The Defendant testified that he had reported to community corrections supervision from May 2015 through January 2016 and that he had been given other drug screens during that time. He stated that he had not failed any other drug test. Relative to his

failure to report, he stated that his previous probation officer, Anita Vogt, informed him that once a violation warrant issued, he would not have to report to community corrections until after the court hearing. The Defendant further testified that he had not been in any legal trouble outside of his community corrections violations.

On cross-examination, the Defendant testified that he was not the one who initialed the part of the document admitting to selling cocaine and that one of the initials was not his handwriting.

On rebuttal, Mr. Hawkins testified that the last time the Defendant reported to the community corrections office, the Defendant reported to Ms. Doyle. Mr. Hawkins stated that Ms. Vogt no longer worked at the office when the Defendant was assigned to Ms. Doyle and to Mr. Hawkins. Mr. Hawkins stated that the Defendant's file contained a notation that the Defendant tested positive for cocaine on September 8, 2015, but that the Defendant had not signed an admission relative to this test result.

The trial court revoked the Defendant's community corrections and ordered him to serve the remainder of his twenty-five-year sentence. The court found through the Defendant's testimony that the Defendant had violated his community corrections by testing positive for drugs and not reporting for a "significant period of time." The trial court also found that the Defendant's testimony was not credible. This appeal followed.

The Defendant contends that the court abused its discretion by revoking his community corrections sentence. He argues that the trial court improperly considered certain grounds for the violation, specifically the positive drug screen and the missed curfew. The State responds that the evidence supports the court's revoking the Defendant's probation and ordering him to serve his sentence. We agree with the State.

A trial court may revoke a defendant's probation upon its finding by a preponderance of the evidence that the defendant violated a condition of the sentence. T.C.A. § 40-35-311(e) (2014) (prescribing the procedure for probation revocation proceedings). Given the similar nature of a sentence of community corrections and a sentence of probation, the same principles are applicable in deciding whether the revocation of a community corrections sentence is proper. *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991). Our supreme court has concluded that a trial court's decision to revoke a defendant's community corrections sentence "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *Id*. at 82 (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d

553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978).  A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'"  *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation."  T.C.A. § 40-35-311(e)(1) (2014).  "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge."  *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)).  When a defendant's community corrections sentence is revoked, the court "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed."  T.C.A. § 40-36-106(e)(4) (2014).

The record reflects that the Defendant signed an admission that he failed to meet his curfew and that he admitted marijuana use.  On January 5, 2016, the Defendant underwent a drug screen, tested positive for cocaine, and admitted that he sold drugs.  The Defendant testified that from February 23, 2016, to May 16, 2016, he failed to report to his community corrections officer.

The record supports the trial court's finding that the Defendant violated the conditions of his community corrections supervision.  The court did not abuse its discretion in revoking the Defendant's community corrections sentence and ordering him to serve the remainder of his sentence in confinement.  *See* T.C.A. §§ 40-35-308(a), (c); -310; -311(e)(1).  The Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgments of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE