# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 22, 2011

## STATE OF TENNESSEE v. PATSY LYNN McCOY

**Direct Appeal from the Criminal Court for DeKalb County**
**Nos. 2008-CR-268; 2009-CR-207     Leon C. Burns, Jr., Judge**

---

**No. M2011-00006-CCA-R3-CD - Filed December 28, 2011**

---

The Defendant-Appellant, Patsy Lynn McCoy,[1] appeals the DeKalb County Criminal Court's revocation of her probation in two cases. She originally pled guilty to aggravated burglary, burglary, and theft under $500. She received an effective seven-year sentence, all of which was suspended to probation after sixty days' incarceration. On appeal, McCoy argues that (1) Tennessee's statutory scheme allowing incarceration after a revocation of probation based on judicial fact-finding by a preponderance of the evidence is unconstitutional, and (2) the trial court erred in revoking her probation and ordering her to serve the sentences in confinement. Upon review, we affirm the judgment of the trial court.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

David N. Brady, District Public Defender; Allison M. Rasbury, Assistant Public Defender, Cookeville, Tennessee, for the Defendant-Appellant, Patsy Lynn McCoy.

Robert E. Cooper, Jr., Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Randall A. York, District Attorney General; and Amanda Hunter, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

While McCoy was on probation, a violation report was filed alleging the following: (1) failure to comply with the conditions of probation based upon a new criminal offense; (2) failure to report; (3) failure to obtain permission to travel outside the county of her residence;

---

[1]The record refers to the Defendant-Appellant as both "Patsy Lynn McCoy" and "Patsy Estes McCoy." Although this court typically defers to the name on the indictment, no indictment is included in the record. We therefore use the name that appears on the judgment forms.

and (4) failure to pay court costs and supervision fees as required. At the revocation hearing, the State abandoned the new offense as grounds for revocation. Jason Gamblen, a probation officer in Obion County, testified that he supervised McCoy's probation. He explained that her probation on these DeKalb County cases was transferred to Obion County in June 2010. Regarding McCoy's failure to report, Gamblen testified that McCoy did not keep her appointment on August 31, 2010. Instead of reporting, McCoy called Gamblen to say that she was visiting her grandmother in Middle Tennessee and would be unable to report. McCoy did not have, nor had she sought, Gamblen's permission to travel from Obion County to Middle Tennessee. Gamblen said that McCoy had made no payments on her court costs and supervision fees, which totaled more than $2,200. Gamblen testified that her probation on these cases had previously been revoked before he began supervising her.

Following the testimony at the revocation hearing, the trial court determined that McCoy had violated the terms of her probation. The court found that McCoy failed to report, traveled outside the county without permission, and failed to pay fees and costs. The trial court revoked the probationary sentence and imposed the original term of confinement. McCoy then filed a timely notice of appeal.

In this appeal, McCoy challenges the constitutionality of the fact-finding procedures governing probation revocation hearings in Tennessee. She additionally alleges that the trial court abused its discretion by revoking her probation and ordering her to serve the sentences.

**I. Constitutionality of Probation Revocation Proceedings.** McCoy asserts that the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), "prohibits a trial court from conducting a probation violation hearing and sentencing a defendant to jail because the judge conducts the hearing and then determines facts based on a preponderance of evidence instead of Blakely's requirement that a jury find facts beyond a reasonable doubt." As a result, Tennessee Code Annotated section 40-35-311(e), which allows for revocation based on judicial fact-finding by a preponderance of the evidence, is unconstitutional according to McCoy. This argument, however, misinterprets the holding in Blakely and the other cases related to it, such as Apprendi v. New Jersey, 530 U.S. 466 (2000), which McCoy cites in her brief. Rather than requiring a jury finding based on proof beyond a reasonable doubt anytime a defendant might be incarcerated as McCoy asserts, those cases mandate that a jury find beyond a reasonable doubt facts necessary to impose a sentence beyond that which is statutorily authorized based on the conviction alone. See Apprendi, 530 U.S. at 489 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)); Blakely, 542 U.S. at 303 ("Our precedents make clear . . . that the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."). Here, McCoy does not claim, nor does the record

reflect, that ordering her to serve the sentences will result in a sentence in excess of the permissible statutory maximum. The trial court imposed a three-year sentence for the Class C felony of aggravated burglary consecutive to a four-year sentence for the Class D felony of burglary, resulting in an effective sentence of seven years. As a Range I offender, McCoy's statutory maximum for each offense was six years and four years, respectively, resulting in a possible maximum consecutive sentence of ten years. See T.C.A. § 40-35-112(a)(3), (4). The facts of this case, therefore, present no Blakely issue.

Additionally, McCoy's argument is unavailing even if we interpret it not as a challenge based on a direct application of Blakely to the revocation of probation, but as an argument for the extension of certain rights applicable during criminal prosecution to the probation revocation process. She would have this court hold that the constitutional right to due process requires a jury to find probation violations, just like elements of criminal offenses during prosecution, by proof beyond a reasonable doubt before a court can reinstate the original sentence of incarceration. The State responds that the differences between "punitive criminal prosecution proce[edings] and remedial revocation proceedings" call for different levels of due process. We agree.

The United States Supreme Court and the Tennessee Supreme Court have both held that defendants have only limited due process rights at probation revocation proceedings. Gagnon v. Scarpelli, 411 U.S. 778, 781-82, 786 (1973) (citing Morrissey v.Brewer, 408 U.S. 471 (1972)); State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993) (citing Bledsoe v. State, 387 S.W.2d 811, 814 (Tenn. 1965)). Such limited process is a product of an important distinction between revocation and criminal prosecution. "Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special [probation] restrictions." Morrissey, 408 U.S. at 480.[2] Due process at probation revocation proceedings, therefore, requires only:

> (a) written notice of the claimed violations of [probation]; (b) disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses . . .; (e) a "neutral and detached" hearing body . . .; and (f) a written statement by the fact finders as to evidence relied on and reasons for revoking [probation].

Gagnon, 411 U.S. at 786 (citing Morrisey, 408 U.S. at 489). Furthermore, the Tennessee Supreme Court has specifically stated that due process does not require proof beyond a

_____

[2]Although Morrissey addressed parole revocation, Gagnon imported Morrissey's reasoning to the context of probation revocation. Gagnon, 411 U.S. at 782 n.3 (stating that "revocation of probation where sentence has been imposed previously is constitutionally indistinguishable from the revocation of parole").

reasonable doubt in revocation proceedings. State v. Harkins, 811 S.W.2d 79, 82, 83 n.3 (Tenn. 1991) (citing State v. Milton, 673 S.W.2d 555, 558 (Tenn. Crim. App. 1984)); Bledsoe, 387 S.W.2d at 814 (citing 5 Wharton's Criminal Law and Procedure 392 (Anderson ed. 1957)). The statutory scheme governing probation revocation, allowing for judicial fact-finding by a preponderance of the evidence, therefore complies with the requirements of constitutional due process. State v. Merriweather, 34 S.W.3d 881, 884 (Tenn. Crim. App. 2000) (citing Practy v. State, 525 S.W.2d 677, 682 (Tenn. Crim. App. 1974)); see also State v. Tiffany Yvonne Marshall, No. E2004-01848-CCA-R3-CD, 2005 WL 1566550, at *2-3 (Tenn. Crim. App., at Knoxville, July 6, 2005) (rejecting applicability of Blakely rule to probation revocation proceedings based on differences with criminal prosecution process). McCoy is not entitled to relief.

**II. Revocation of Probation.** McCoy claims that the trial court abused its discretion in revoking her probation "because there was no substantial evidence presented at the probation revocation hearing that [she] had committed" a new offense. She additionally argues that ordering her to serve the sentences in custody "produces too harsh a result on her." The State responds that the trial court based the revocation not on McCoy's commission of a new offense but on her failure to report and to seek permission to travel, and that these violations were supported by substantial evidence. The State likewise notes that McCoy had a previous probation violation for these convictions. The State also argues that the trial court acted within its discretion in ordering McCoy to serve the sentences in confinement. We agree with the State.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her probation. T.C.A. §§ 40-35-310, -311(e) (2009). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. Id.

Once the trial court has determined a violation of probation has occurred, it retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court

> may also resentence the defendant for the remainder of the unexpired term to
> any community-based alternative to incarceration authorized by chapter 36 of

this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

T.C.A. § 40-35-310(b). The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. Hunter, 1 S.W.3d at 647; State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In this case, the trial court did not abuse its discretion by finding McCoy violated the conditions of her probation. Gamblen, McCoy's probation officer, testified that McCoy had failed to report, traveled outside the county without permission, and failed to pay any fees or costs. This testimony constitutes substantial evidence, and it supports the trial court's findings that McCoy violated probation. Furthermore, the trial court did not abuse its discretion by ordering McCoy to serve the sentences in confinement, as incarceration was clearly one of the options available to the trial court upon finding that a violation occurred, Hunter, 1 S.W.3d at 647. McCoy, therefore, is not entitled to relief on this issue.

## CONCLUSION

Upon review, we affirm the judgment of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE