# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 18, 2014

## STATE OF TENNESSEE v. LEE MICHAEL GIANARO

**Appeal from the Criminal Court for Hamilton County**
**No. 277599     Rebecca J. Stern, Judge**

**No. E2014-01200-CCA-R3-CD - Filed December 8, 2014**

Defendant, Lee Michael Gianaro, was indicted by the Hamilton County Grand Jury for one count of aggravated burglary, one count of theft of property valued over $1,000, and one count of vandalism. Defendant pled guilty to aggravated burglary in exchange for a sentence of three years, to be served on probation, and payment of $1,500 restitution to the victim. The remaining charges were dismissed. Defendant violated the terms of his probation. The trial court partially revoked probation, ordering Defendant to Community Corrections until restitution was paid in full before returning Defendant to supervised probation. A second probation violation report was filed alleging Defendant violated the terms of his probation. After a hearing, the trial court revoked Defendant's probation and ordered him to serve his sentence in incarceration. Defendant appeals, arguing that the trial court abused its discretion in revoking probation. After a review of the record, we conclude that substantial evidence supported the revocation of probation. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Steve E. Smith, District Public Defender; David Barrow (at plea) and Steven D. Brown (at probation revocation and on appeal), Assistant District Public Defenders, Chattanooga, Tennessee, for the appellant, Lee Michael Gianaro.

Herbert H. Slatery III, Attorney General and Reporter; Meredith Devault, Senior Counsel; William H. Cox, District Attorney General; and Matthew Rogers, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

Defendant was indicted by the Hamilton County Grand Jury in September 2010 for aggravated burglary, theft of property valued over $1,000, and vandalism. In September 2011, Defendant pleaded guilty to aggravated burglary in exchange for a three-year sentence and payment of restitution to the victim in the amount of $1,500. Defendant was ordered to serve the sentence on supervised probation. The remaining charges were dismissed.

On September 16, 2013, a probation violation report was filed against Defendant. In the report, Defendant was alleged to have violated probation by getting arrested for failure to appear and domestic assault. In addition, the report alleged Defendant failed to pay fees, failed to pay restitution, and engaged in "assaultive, abusive, threatening or intimidating behavior." The trial court issued a capias and set a hearing on the probation violation report.

The trial court revoked Defendant's probation on October 7, 2013. The trial court "assigned" Defendant to the Hamilton Community Corrections until Defendant paid restitution to the victim in full. After payment of restitution, the trial court ordered Defendant to be returned to supervised probation with the "original judgment special conditions."

Defendant successfully completed the Community Corrections program on January 23, 2014, and was returned to supervised probation.

On April 3, 2014, a second probation violation report was filed, alleging Defendant violated the terms of his probation by getting arrested for domestic assault against his grandmother. The report also alleged that Defendant had failed to secure employment, failed to report the arrest, used marijuana, failed to pay court costs, and engaged in "assaultive, abusive, threatening or intimidating behavior." The trial court issued a capias and set a hearing on the probation violation report.

At the hearing, the trial court heard testimony from Defendant's probation officer, Lawrence Steven Lutes. Mr. Lutes explained that he started supervising Defendant around December of 2013. At that time, Defendant had already violated probation once and was ordered to serve some time on Community Corrections while he made restitution payments. Once the payments were made, Defendant was released from Community Corrections back to supervised probation.

Mr. Lutes filed a probation violation report after learning Defendant was arrested for domestic assault on his grandmother. Defendant failed to report for supervision in March 2014. When Mr. Lutes went to Defendant's home he learned about the arrest. According

to the police reports and statements from the grandmother to Mr. Lutes, it appeared that there was some sort of an argument between the grandmother and Defendant, and "she was trying to get away and he hit her head into a door." Mr. Lutes saw the injuries to Defendant's grandmother during the home visit. Defendant did not notify Mr. Lutes of the new charge. Additionally, Defendant was supposed to take a drug test in February but admitted to using marijuana before the test. Lastly, Defendant failed to pay fines and supervision fees.

Defendant testified at the hearing. He was twenty-four years old at the time of the hearing and stated that he was working seventy-two hours a week at a construction company while on probation. While on Community Corrections at Silverdale, Defendant worked in the kitchen. Defendant explained that he was originally placed on probation after "using a screwdriver and prying open [someone's] door because [they] owed [Defendant] money."

Defendant readily informed the trial court that he had been arrested for two domestic assaults while living at his grandmother's house during his probationary period. During the first incident, Defendant was "fighting [his] brother because [they] got into it about how [his brother] wasn't being a good father." Defendant acknowledged that he was guilty of the crime and told the trial court that, because of the assault, his brother was "being a good father now."

Defendant explained that the second incident was "twisted around." He described the second incident as follows:

> My grandmother was arguing with me and swinging a mop and broom at me. And I went to leave. I went to leave out the front door and slammed the door behind me as she went to chase me. And the door hit her in the head on accident. Immediately I started crying and telling her I was sorry. And I took off running because I was scared.

Defendant admitted, however, that he pled guilty to the offense. He claimed that he took the plea agreement because it was a sentence of 120 days and he thought the charges relating to his grandmother would be dropped because he pled guilty to the assault on his brother. Defendant insisted that his grandmother would "tell you that that didn't go down like that." On cross-examination, Defendant admitted that his grandmother told police that she had gone to the bedroom to try to get away from Defendant when he slammed her head in the door before fleeing on foot.

Defendant also admitted that he smoked marijuana while on probation and that he "love[s] to smoke weed," but he stated that he was trying to quit.

At the conclusion of the hearing, the trial court determined that Defendant violated probation by smoking marijuana, getting arrested for domestic assault, and failing to pay fines and costs. Consequently, the trial court sustained the petition to revoke probation and ordered Defendant to serve his sentence in confinement.

Defendant appeals.

*Analysis*

Defendant argues on appeal that the trial judge abused her discretion in revoking probation because he expressed remorse for the assault on his grandmother, had paid the restitution ordered as part of the plea, and agreed to participate in a drug treatment program if he were restored to probation. A trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c), -310. "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)).

In this case, Defendant claims that he expressed remorse for the assault on his grandmother. The transcript of the probation violation hearing paints a different story — that Defendant believed the entire incident was an accident. Defendant explained at the hearing that he was "p----- off" that he "accidentally" slammed his grandmother's head in the door, so he "kicked the door instead of doing anything to anybody else. And then [he] left." Further, as to Defendant's claim that he paid restitution as ordered, Defendant neglected to mention in his testimony that he paid the restitution only after the trial court partially revoked his probation and sentenced him to Community Corrections in September 2013. Lastly, while Defendant stated that he would participate in drug treatment, he readily admitted that he "loves" to smoke marijuana. A defendant's admission of violating the terms of his probation, alone, is an adequate basis for revocation of probation. *State v. Thomas Ray*

*Ward*, No. W2012-02054-CCA-R3-CD, 2013 WL 793213, at *4 (Tenn. Crim. App. Mar. 1, 2013).

Moreover, Defendant cannot argue that the record contains no substantial evidence to support the conclusion that a violation of probation occurred. Defendant's arrest and conviction for domestic assault, failure to pay fines and fees, and admitted drug use are all violations of the terms of his probation. The trial court did not abuse its discretion in ordering Defendant to serve his sentence in incarceration. In so doing, the trial court simply allowed Defendant to follow through with his agreements of September 28, 2011, and October 7, 2013. On those days, Defendant pled guilty to committing crimes and to violating the conditions of an alternative sentence, and he agreed to comply with the rules of probation in exchange for a suspended sentence by the State of Tennessee. Under these agreements, if Defendant failed to comply, as he did twice, he was committed to serve the sentence. The trial court simply allowed Defendant to keep his commitments.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE

-5-