IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville June 23, 2015


STATE OF TENNESSEE v. RAFAEL GRISSOM


Appeal from the Circuit Court for Rutherford County
No. F69592C      David M. Bragg, Judge

———————————————————

No. M2014-02560-CCA-R3-CD – Filed July 20, 2015
———————————————————


Defendant, Rafael Grissom, pled guilty to burglary, aggravated burglary, and robbery. He was sentenced to two years for the burglary conviction, fifteen years for the aggravated burglary conviction, and fifteen years for the robbery conviction. The trial court ordered Defendant to serve the two-year sentence in incarceration, while the fifteen-year sentences were ordered to be served on Community Corrections consecutively to the sentence for the burglary conviction but concurrently with each other. Defendant received determinate release after serving a portion of his two-year sentence. A violation of probation warrant and a violation of Community Corrections warrant were filed against Defendant. After a hearing, the trial court ordered Defendant to serve the sentences as initially imposed. Defendant has appealed this decision. After our review, we conclude that the trial court did not abuse its discretion. As a result, the judgment of the trial court is affirmed.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Jack G. Mitchell III (at hearing) and Darwin K. Colston (at hearing and on appeal), Murfreesboro, Tennessee, for the appellant, Rafael Grissom.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Jennings Jones, District Attorney General; and Shawn Puckett, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual and Procedural Background*

This is Defendant's appeal from the trial court's revocation of his probation and Community Corrections.

On December 6, 2013, Defendant pled guilty to burglary, aggravated burglary, and robbery in Rutherford County. He received a two-year sentence "to serve" for the burglary conviction. Defendant received concurrent fifteen-year sentences for the aggravated burglary and robbery convictions. The fifteen-year sentences were ordered to be served on Community Corrections, consecutively to the conviction for burglary. The judgment form for the burglary conviction reflects pretrial jail credit from December 22, 2012, to December 6, 2013.

Forty-six days later, on January 21, 2014, Defendant was granted determinate release[1] on his two-year sentence for burglary. The determinate release probation certificate indicated that Defendant was placed on probation effective January 21, 2014, which would expire on September 25, 2014. The conditions of probation were listed on the certificate and the certificate ordered Defendant to report to the Probation/Parole Office in Murfreesboro. The record also contains a Community Corrections Order filed on February 13, 2014, listing the terms of Defendant's Community Corrections sentences.

On April 30, 2014, a probation violation report was filed. On July 15, 2014, a violation of Community Corrections warrant was filed. The trial court held a hearing on both warrants on November 12, 2014.

Jeff Tenaglia of the Mid-Cumberland Human Resource Agency testified that he supervises felony offenders that are placed on Community Corrections. Defendant first reported for intake at Community Corrections on January 23, 2014, two days after his release from incarceration. Mr. Tenaglia explained that there was "some confusion" about where Defendant was to report but "[o]nce [Mr. Tenaglia] realized that he had determinate released out on the two year [sentence], [he] informed [Defendant] that he's supposed to be reporting to State Probation for the remainder of that determinate release." Mr. Tenaglia continued to supervise Defendant prior to his initial report to state probation so there would be no "lapse in supervision," even after he realized that Defendant was finishing a determinate release sentence. Defendant continued to report to Mr. Tenaglia

---

[1] *See* T.C.A. § 40-35-501(3) ("Notwithstanding any other law, inmates with felony sentences of two (2) years or less shall have the remainder of their original sentence suspended upon reaching their release eligibility date.").

during this time period. Defendant informed Mr. Tenaglia that he did not have a drug problem. Mr. Tenaglia last saw Defendant on March 13, 2014, when he told Defendant to report to State probation. Later, Mr. Tenaglia issued a violation of Community Corrections based on the failed drug screen administered by State probation.

At the hearing, the trial court also heard testimony from Officer Joseph Bradley of the Tennessee Department of Correction Probation and Parole. Officer Bradley was asked to supervise Defendant upon his determinate release from incarceration. Officer Bradley testified that Defendant was improperly instructed to report to Community Corrections upon his release. Community Corrections realized the error and instructed Defendant to report instead to State probation. Officer Bradley received the case on February 27, 2014. Defendant did not report to State probation. On April 22, 2014, Officer Bradley conducted a home visit. When he arrived at Defendant's residence, Defendant came out of his room when his mother called him. When Defendant saw Officer Bradley, he "immediately ran back into the bedroom." Officer Bradley followed Defendant and had a conversation with him. During the conversation, Defendant admitted that he was using marijuana. Officer Bradley instructed Defendant to report the next morning.

Defendant reported as required. He came to the meeting with the "smell of marijuana emanating from him to the point where other people in the office could smell it." Defendant was immediately subjected to a drug screen. Defendant failed the drug screen and admitted that he had been using cocaine and marijuana. Defendant signed an admission of use in which he admitted to drug use.

As a result of the positive drug test, Officer Bradley placed Defendant under "R.F. monitoring"[2] and put him under a curfew of 5:00 p.m. Officer Bradley performed a curfew check at 5:00 p.m. the next afternoon and Defendant was not at home but was "actually tracking somewhere in the neighborhood . . . within the range of the blue box." Officer Bradley performed at least one more welfare check either "the next day or two days l[at]er, again, with the police department." Defendant was not at the home as required by the conditions of the curfew. According to Officer Bradley, Defendant "never" made curfew. Officer Bradley explained that he received an email alert every time Defendant left the residence.

On April 30, 2014, a probation violation report was filed. The report alleged that Defendant violated probation by violating his 5:00 p.m. curfew "multiple times" since it was imposed on April 23, 2014, and failing a drug screen for cocaine and marijuana on

---

[2] This monitoring system allows authorities to "monitor the comings and goings of offenders." Authorities can "set parameters to which times of the day they have to be at home and the time they can leave." It monitors the presence of the person near the home unit, which is placed in the home where they have the curfew set.

April 23, 2014. Based on the report and accompanying affidavit, a violation of probation warrant was issued by the trial court.

On July 15, 2014, an affidavit was filed, alleging Defendant also violated Community Corrections by testing positive for marijuana and cocaine. An accompanying warrant was issued by the trial court.

Defendant testified at the hearing. He admitted that he had been on probation "about four, five, six, seven times." He admitted that he had violated probation in the past and always ended up serving out his sentences. Defendant claimed that he did not understand at the time of his plea that he was subject to a total effective sentence of seventeen years if he violated his probation.

With regard to the present case, Defendant thought that he was supposed to report to Community Corrections upon his determinate release, "nobody . . . [told him] that [he] was going to be put on State probation for my State sentence of the two year sentence." Defendant acknowledged that he signed the determinate release form which ordered him to report to the local probation office. However, Defendant reported to Community Corrections. Once Community Corrections realized Defendant was reporting to the improper location, Community Corrections instructed Defendant to report to State probation. Defendant testified that he then tried to contact State probation "twice." A probation officer eventually came to Defendant's house. During that confrontation, Defendant "told [the probation officer he] was dirty for weed and cocaine." Defendant told the probation officer that he "needed help." The probation officer placed an R.F. monitor on him that day.

Defendant acknowledged that he signed the terms and conditions of both State probation and Community Corrections. He admitted that his determinate release certificate charged him with proceeding directly to his probation and parole officer within seventy-two hours after release. He also admitted that he was prohibited from using drugs. Defendant admitted that he violated both of these rules.

The trial court determined that "based on [Defendant's] testimony, that he has violated his probation." The trial court ordered him to serve his sentences as initially imposed. Defendant appeals.

*Analysis*

On appeal, Defendant argues that the trial court made no findings of fact with regard to the violation of probation and revoked probation only because of Defendant's testimony. Defendant insists that the trial court's ruling is "ambiguous at best and should be vacated." Defendant cites one case, *State v. Roy L. McAlister*, No. M2012-01239-

CCA-R3-CD, 2013 WL 500795, at *5 (Tenn. Crim. App. Feb. 11, 2013), *no perm. app. filed*, to support his argument. The State argues that the trial court did not abuse its discretion.

A trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c), -310. "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)).

In this case, Defendant claims the trial court did not make specific findings of fact. The trial court ordered that, based on Defendant's testimony, there was a violation of probation and Community Corrections. Reviewing Defendant's testimony, we note that Defendant admitted that he used drugs while on probation. A defendant's admission of violating the terms of his probation, alone, is an adequate basis for revocation of probation. *State v. Thomas Ray Ward*, No. W2012-02054-CCA-R3-CD, 2013 WL 793213, at *4 (Tenn. Crim. App. Mar. 1, 2013), *no perm. app. filed*.

Moreover, Defendant cannot argue that the record contains no substantial evidence to support the conclusion that a violation of probation occurred. As noted, Defendant's admitted drug use and failed drug screen are both violations of the terms of his probation. Moreover, the case cited by Defendant to support his position, *Roy L. McAlister*, is inapplicable. In *Roy L. McAlister*, this Court was unable to determine from the record whether there was a sufficient factual basis for the revocation. 2013 WL 500795, at *5. That is not the situation herein.

This matter is simple and straightforward. The trial court did not abuse its discretion. Defendant failed to keep his commitment to comply with the rules of state probation and Community Corrections. Thus, the trial court, and now this court, is obliged to allow Defendant to serve his entire sentence in incarceration as promised by

Defendant upon his violating the terms and conditions of state probation and Community Corrections.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE