IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 22, 2016

**STATE OF TENNESSEE v. PATRICIA TARVER**

**Appeal from the Circuit Court for Blount County**
**No. C-22462     Tammy M. Harrington, Judge**

_____

**No. E2015-01496-CCA-R3-CD – Filed April 5, 2016**

_____

Appellant, Patricia Tarver, appeals the trial court's revocation of her probation, arguing that the trial court abused its discretion by ordering her to serve her original sentence in confinement. Because there is substantial evidence to support the trial court's finding that Appellant violated the terms and conditions of her probation, the trial court did not abuse its discretion by revoking Appellant's probation and executing the underlying sentence. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee, and Mack Garner (at trial), District Public Defender, for the appellant, Patricia Tarver.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Mike Flynn, District Attorney General; and Shari Tayloe, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This is Appellant's appeal of her probation revocation just one month after receiving the privilege of probation. On February 23, 2015, Appellant pled guilty to theft

of pawned or conveyed rental property. She received a sentence of split confinement with thirty days to serve.[1]

At the July 31, 2015 revocation hearing, Tim Craig testified that he was Appellant's probation officer. Appellant showed up for initial intake on February 27th. An intake officer reviewed the terms and conditions of probation with Appellant, and a signed copy of the rules was entered into evidence at the hearing on the revocation of probation. After the intake, Appellant was supposed to contact Officer Craig for her next report date. She did not do so, but Officer Craig called her on March 2nd and set up an appointment for March 4th at 11:00 a.m. Appellant did not show up for her appointment.

That afternoon, Officer Craig called Appellant's phone number and left a voicemail at 1:13 p.m., but she never returned his call. He called again on March 9th and left another voicemail. Again, Appellant did not call him back. Officer Craig then contacted Appellant's grandmother, but her grandmother said that she had not been in contact with Appellant since she was arrested. On March 11th, Officer Craig mailed Appellant a notice that she had failed to report as required and that she had 48 hours to contact him. Officer Craig sent the letter to the address that Appellant provided during the intake. Officer Craig did not receive a response. On March 18th, Officer Craig contacted Appellant's sister in Georgia, but her sister said that she had not had contact with Appellant since before she was arrested. Officer Craig then called Appellant's mother and left a voicemail, but neither Appellant nor her mother returned his call. Officer Craig discovered that Appellant had provided an invalid address on her intake form, but he was able to identify the correct address of Appellant's mother. He then mailed a second notice to the address of Appellant's mother. Despite all of the efforts described above, Appellant never contacted Officer Craig after their initial phone conversation.

Appellant testified that she was thirty-one years old and had two children, aged thirteen and five. After pleading guilty, she served thirty days in jail before being released on probation on February 25th. She provided her mother's address on the probation intake form because that was where she intended to stay. However, Appellant's mother would not let her stay there because there was not enough room for Appellant and her children. Appellant was originally from Blount County, but she had been living in Georgia since she was seventeen. She lived in Riverdale, which is outside of Atlanta, with her sister. She moved back to Tennessee for a brief period of time, which was when she was arrested. One of Appellant's children lives in Tennessee, and the other lives in Georgia.

---

[1] The judgment is not contained in the technical record. The probation violation report indicates that Appellant's probationary period was two years.

When Appellant learned that she could not stay with her mother, she went back to live with her sister in Georgia because she did not have a place to stay in Tennessee. Appellant explained:

> This is my first time being locked up, and everybody just kept telling me they were going to make me stay here for two years in this jail, and I didn't want to stay here. . . . I didn't want to be in jail, so I didn't say anything—I just went home.

Once back in Georgia, Appellant worked some fast food jobs before being arrested. Appellant said that she had been in jail for almost a month since she was arrested in Georgia and then extradited to Blount County.

Appellant acknowledged that she signed the rules of probation form, but she claimed that the incorrect address was written by someone else. Appellant maintained that she provided the correct address for where she intended to stay.

Initially, Appellant denied that she spoke with Officer Craig about scheduling an appointment and denied receiving any letters from him or learning from her family that he was looking for her. However, Appellant admitted that she knew that Officer Craig had called her phone but denied receiving any voicemails. Appellant later acknowledged that she spoke with Officer Craig to set up an appointment. She said she was afraid to tell him then that she was not living at the address that she had provided and was already in Georgia.

Appellant admitted, "It was my mistake by not telling them that I moved to Georgia." She also admitted that she was aware that she was supposed to report to her probation officer once a month and that failure to do so would be a violation of the terms and conditions. Appellant explained:

> [H]onestly, I didn't have the means to come back and forth from Georgia and then I was scared that when I told him that I didn't live here that he was going to say, "Well, you've got to come serve your time in this jail."

Appellant denied having any other pending charges and said that she had successfully completed probation before. Appellant acknowledged that she failed to appear for a court date in May 2014 and was arrested on a capias prior to pleading guilty in this case.

The trial court found that the State had carried its burden of proving that Appellant failed to report for her first meeting and revoked Appellant's probation. Appellant filed a

timely notice of appeal and now argues that the trial court abused its discretion by revoking probation and ordering her to serve the balance of her sentence in confinement.

A trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c), -310. "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)).

The record in this case contains substantial evidence supporting the trial court's revocation of Appellant's probation. Appellant admitted that she spoke with her probation officer to set up her first report date but did not show up for that meeting, choosing instead to leave the state without talking to her probation officer. Appellant also admitted that she knew that failing to report was a violation of the terms and conditions of her probation. A defendant's admission of violating the terms of her probation, alone, is an adequate basis for revocation of probation. *State v. Thomas Ray Ward*, No. W2012-02054-CCA-R3-CD, 2013 WL 793213, at *4 (Tenn. Crim. App. Mar. 1, 2013), *no perm. app. filed*. There is ample evidence in this record to support the trial court's finding that Appellant did not report to her probation officer, which is a violation of the terms and conditions of her probation. Although the trial court could have reinstated Appellant to probation, it was not required to do so. Because the trial court did not abuse its discretion in revoking probation, Appellant is not entitled to relief.

_____
TIMOTHY L. EASTER, JUDGE