IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2017

STATE OF TENNESSEE v. TIMOTHY REYNOLDS

Appeal from the Circuit Court for Giles County
No. 11736    Stella L. Hargrove, Judge

_____

No. M2016-02181-CCA-R3-CD

_____

Defendant, Timothy Reynolds, pled guilty to the sale of less than .5 grams of cocaine. As a result of the guilty plea he was sentenced to six years with one year to serve and the remainder to be served on supervised probation. After Defendant's probation was partially revoked on two separate occasions, a third probation violation resulted in the complete revocation of probation. Defendant appeals the revocation of probation. We affirm the trial court's decision to revoke Defendant's probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Claudia Jack, District Public Defender; Hershell Koger (at hearing and on appeal), Assistant District Public Defender; and Brandon E. White (on appeal), Columbia, Tennessee, for the appellant, Timothy Reynolds.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Brent Cooper, District Attorney General; and Jonathan Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual Background*

Defendant was indicted in early June of 2014 for the sale of cocaine, a Class B felony. In October of that same year, Defendant pled guilty to an amended charge of the sale of less than .5 grams of cocaine, a Class C felony. As part of the guilty plea,

Defendant was sentenced to six years. After the service of one year in incarceration, Defendant's sentence was to be suspended to supervised probation.

On July 15, 2015, the first probation violation report was filed. It alleged Defendant had committed a robbery on June 28 and had failed to pay probation fees. The trial court partially revoked Defendant's probation, ordering him to serve 75 days in the county jail prior to reinstatement to probation.

On November 3, 2015, a second probation violation report was filed. This report alleged Defendant committed vandalism on September 27, 2015, failed to report the arrest to his probation officer, and failed to pay supervision fees. The report was amended in December to reflect an arrest on December 12, 2015, for public intoxication. The trial court's order on the violation indicates that Defendant's probation was revoked but that Defendant was immediately reinstated to probation. The special conditions box states: "Defendant is immediately reinstated to probation. This revocation is based upon an amended revocation warrant alleging public intoxication. That amended warrant is now void." Defendant reported to his probation officer in January, February, and one time in March of 2016 before ceasing the visits. A third probation violation report was filed in May of 2016, alleging that Defendant failed to provide proof of employment; failed to report on March 10, two dates in April, and the entire month of May; and failed to pay supervision fees and court costs.

Defendant explained at the hearing on the violation that he tried to report to his probation officer. He "called the office in Lawrenceburg and . . . received recordings" on "several occasions." Defendant even went to the courthouse and attempted to speak with someone. Defendant claims the person at the courthouse told him he "was not the probation officer of this area" and that he should "keep trying." Defendant was told at his last report date in March that he "was to have employment and a place of residence." Defendant explained that he could not get a job locally because he was a felon so he "went to Nashville," where he got a job. Defendant first worked at Jimmy John's and then, in April of 2016, got a job at J.E. Dunn Construction. Defendant also had a place to live.

Defendant "spoke to a probation officer on Murfreesboro Road [in Nashville]" but did not inform his assigned probation officer. He turned himself in once he found out that he was considered to have absconded from probation. Defendant testified that he worked up until his "intake day" in August and that his supervisor informed him that he would have a job when he returned.

Defendant acknowledged his "criminal history" but claimed that he was "a new person" in Nashville because he did not have to worry about his past affecting his ability to get a job or a place to live. Defendant candidly apologized to the Court and his

probation officer for his failure to report. Defendant claimed that he made a payment in March to the clerk's office and had crafted his own payment plan so that he could pay back all of his fines and costs over time. The trial court asked the clerk to see whether any payments had been made on the account in March. The clerk reported that the computer file did not indicate any payments in March. Defendant could not explain this discrepancy but admitted that even though he started receiving a paycheck approximately two weeks after moving to Nashville, he did not make any payments toward his fines and costs after he moved to Nashville. Eventually, Defendant admitted that it was his fault that his criminal history caught up with him.

At the conclusion of the hearing, the trial court determined that the State "carrie[d] its burden of proof" as Defendant failed to show proof of employment, failed to report since March, and failed to "pay one penny that he owes our court system." The trial court acknowledged that Defendant turned himself in but determined that a full revocation was in order. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant admits that he failed to report but claims that "difficulties he had communicating with the probation office" prevented him from successfully reporting. He insists that the trial court abused its discretion in revoking his probation. The State disagrees.

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310. Probation revocation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)).

In this case, Defendant admitted that he violated probation. This Court has "repeatedly cautioned that 'an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'" *State v. Casey Dupra Drennon*, No. M2014-02366-CCA-R3-CD, 2015 WL 6437212, at *2 (Tenn. Crim. App. Oct. 23, 2015) (quoting *State v. Jeffrey A. Warfield,* No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999)), *no perm. app. filed*; *see also State v. Timothy A. Johnson,* No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002), *no perm. app. filed*. Clearly, measures less restrictive than confinement have been applied unsuccessfully to Defendant on at least two prior occasions. In this case, the third time was clearly not the charm. The trial court did not abuse its discretion when it ordered Defendant to serve the remainder of his sentence in confinement.

_____
TIMOTHY L. EASTER, JUDGE