IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2018

**STATE OF TENNESSEE v. MATTHEW GEORGE VOGEL**

**Appeal from the Criminal Court for Hamilton County**
**No. 300131     Tom Greenholtz, Judge**

—————————

**No. E2017-00894-CCA-R3-CD**

—————————

The Defendant, Matthew George Vogel, appeals from the Hamilton County Criminal Court's revocation of probation for his Range I, eight-year sentence for possession with the intent to sell methamphetamine, a Class B felony. *See* T.C.A. § 39-17-417 (2014). The Defendant contends that the trial court erred in revoking his probation and ordering him to serve the remainder of his sentence in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Steven E. Smith, District Public Defender; Jonathan Harwell, Assistant Public Defender (on appeal); Chris Irwin, Assistant Public Defender (at trial), for the appellant, Matthew George Vogel.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Neal Pinkston, District Attorney General; and Bates Brian, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Pursuant to a plea agreement, the Defendant was sentenced on December 7, 2016, to eight years' supervised probation for possession of methamphetamine with the intent to sell. On January 25, 2017, a probation violation warrant was issued and alleged that the Defendant failed to report to his probation officer after being released from a Hamilton County workhouse. A revocation hearing was held on April 24, 2017.

The Defendant testified that he received a sentence of eight years' supervised probation for possessing more than ten grams of methamphetamine and that he had been using methamphetamine for about three years at the time of his arrest on the charge. The Defendant stated that he became homeless after he received probation and that he did not report to his probation officer because he did not have transportation. The Defendant said that after he was able to find transportation, he knew he had already violated probation. The Defendant stated that he tried to contact his probation officer by telephone but that he was unable to speak with the officer.

The Defendant testified that he still used methamphetamine and marijuana at the time of his March 17, 2017 probation violation arrest. The Defendant asked the trial court to grant split confinement with one year to serve and the remainder on supervised probation. The Defendant stated that he had better support currently, which would help him "straighten [his] life out." The Defendant said he would live with his fiancée at a shelter. The Defendant admitted he had an outstanding arrest warrant in Florida and that he had not been in Florida since 2008 or 2009.

The Defendant testified that he was unemployed and that if he were released to supervised probation, he would "go straight to probation and sign up." The Defendant said if given another chance to serve his sentence on supervised probation, he would live a better life for his fiancée.

Upon questioning by the trial court, the Defendant testified that he met his fiancée in June of 2016. The Defendant stated that they began a relationship in December 2016 and became engaged in February 2017. The Defendant said that he often traded electronics for methamphetamine because he did not have money to buy drugs and that he received the electronics "on the street." The Defendant stated that some of the electronics were stolen, that he did not steal them, and that if the electronics were not "tradeable," he sold them for cash to buy methamphetamine.

The Defendant testified that he left voicemail messages for his probation officer and that he called the telephone number provided to him. The Defendant said that he was released from the workhouse on December 7, 2016, and that the probation office was closed. The Defendant stated that he spent the night in the "woods" and that he was staying with his fiancée in February 2017.

The Defendant testified that his fiancée did not own a car, that his fiancée's mother had a car, and that he never asked the mother to drive him to the probation office. The Defendant admitted that he could have reported to the probation office but said that he knew he had violated probation and that he did not want to go to jail. The Defendant stated that he had thought about reporting but that he did not want to leave his fiancée.

-2-

The trial court found that the Defendant violated the conditions of his probation by absconding from supervision. The court stated that absconding was one of the most serious probation violations and that the Defendant was not employed. The court noted that the Defendant still used drugs and that the Defendant traded stolen property for drugs. The court ordered the Defendant to serve the remainder of his sentence. This appeal followed.

The Defendant contends that the trial court erred in ordering him to serve his sentence in confinement and that the court should have ordered split confinement. The Defendant argues that this was his first probation violation in relation to this conviction, that he expressed remorse for his actions, and that the court abused its discretion by ordering him to serve his sentence. The State responds that the court did not abuse its discretion. We agree with the State.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation sentence "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. *Id*. §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 215 Tenn. 553, 387 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the Defendant acknowledged he failed to report to his probation officer after his release from the workhouse. The Defendant stated that he could have reported to his probation officer but that he knew he had violated the conditions of his release and did not want to go to jail. The Defendant admitted using stolen property as a means to buy drugs and that he still used methamphetamine.

We conclude that the record supports that trial court's finding that the Defendant violated the conditions of his probation and that the court did not abuse its discretion by revoking the Defendant's probation. *See* T.C.A. § 40-35-311 (e)(1). Once the court revoked the Defendant's probation, it had the authority to order the Defendant to serve

his sentence in confinement.  *See id*. §§ 40-35-308(a), (c), -310.  The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
ROBERT H. MONTGOMERY, JR., JUDGE