IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. FRANKLIN JAMES HOWE**

**Appeal from the Criminal Court for Hamilton County**
**No. 298289   Thomas C. Greenholtz, Judge**

_____

**No. E2017-01838-CCA-R3-CD**

_____

The Defendant, Franklin James Howe, appeals the Hamilton County Criminal Court's order revoking his probation and ordering him to serve his sentence in confinement. The State has filed a motion to affirm the trial court's order pursuant to Tennessee Court of Criminal Appeals Rule 20. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Kristen D. Williams, Chattanooga, Tennessee, for the appellant, Franklin James Howe.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Neal Pinkston, District Attorney General; and Ancharlene Davis, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On April 20, 2016, a Hamilton County grand jury charged the Defendant with one count of aggravated burglary and one count of theft of property valued at $500 or less. On December 9, 2016, the Defendant pleaded guilty to one count of aggravated criminal trespass and one count of theft of property valued at $500 or less. Pursuant to the plea agreement, the trial court imposed consecutive sentences of eleven months and twenty-nine days to be served on probation through the mental health court program. On January 9, 2017, a probation violation report was filed alleging that the Defendant failed to report to probation within seventy-two hours of his release. On February 9, 2017, an addendum

to the violation report was filed alleging that the Defendant failed to report to orientation and failed a drug screen by testing positive for marijuana use. On February 22, 2017, the trial court terminated the Defendant's participation in the mental health court program. On May 19, 2017, the trial court partially revoked the Defendant's probation and reinstated him to probation effective May 31, 2017. On June 6, 2017, a probation violation report was filed alleging that the Defendant failed to report to probation within seventy-two hours of his May 31 release. On August 18, 2017, the trial court revoked the Defendant's probation and ordered him to confinement for the service of the balance of his sentence. [1]

On appeal, the Defendant contends that the trial court abused its discretion by not reinstating him to probation because the Defendant did not reoffend and was not hiding. The State argues that the trial court properly ordered execution of the sentence as originally imposed based upon the Defendant's repeated refusal to report to probation or otherwise comply with the conditions of release.

At the August 14, 2018 hearing, the Defendant conceded that he failed to report to probation within the time required by the conditions of his release. He explained that once he missed his first report date, he did not report because "I had already missed. And I was like, well, they're just going to lock me up if I go in. So I was like, you know, screw it." The Defendant stated that he experienced difficulty receiving or taking his prescribed medication, which also interfered with his ability to comply with the conditions of probation. He assured the trial court, however, that he had changed his attitude and would "make sure that I reported this afternoon" if reinstated on probation. The court ruled that by absconding the Defendant had violated "the perhaps number one obligation of supervised probation." The court found that the Defendant had willfully refused to report and ordered the sentences to be served in confinement.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981) ). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the

---

[1] From judgment through the second revocation order, the trial court credited the Defendant with 360 days' service in confinement. The Defendant has now satisfied service of the sentences.

conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. *Id.* §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)).

We conclude that the record supports the trial court's finding that the Defendant violated the conditions of his probation and that the court did not abuse its discretion by revoking the Defendant's probation. *See* T.C.A. § 40-35-311(e)(1). Once the court revoked the Defendant's probation, it had the authority to order the Defendant to serve his sentence in confinement. *See id.* §§ 40-35-310. The Defendant is not entitled to relief.

Accordingly, we affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____
ROBERT H. MONTGOMERY, JR, JUDGE