IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 8, 2021

**STATE OF TENNESSEE v. NATHAN CRAIG**

**Appeal from the Circuit Court for Maury County**
**No. 25765     Stella L. Hargrove, Judge**
————————————————————

**No. M2020-01124-CCA-R3-CD**
————————————————————

Defendant, Nathan Craig, pled guilty to robbery and was sentenced to four years, suspended to a ten-year sentence of supervised probation. Defendant's probation officer filed a probation violation warrant alleging that Defendant had violated the terms of his probation. Following a hearing, the trial court revoked Defendant's probation and ordered him to serve the remainder of the four-year sentence in confinement. On appeal, Defendant argues that the trial court abused its discretion in revoking his probation. Following our review of the entire record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ROBERT H. MONTGOMERY, JR., J., joined.

Brandon E. White, Columbia, Tennessee, for the appellant, Nathan Craig.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Tony Clark, District Attorney General; and Jude Santana, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

On October 3, 2017, Defendant pled guilty to robbery and was sentenced to four years, suspended to a ten-year sentence of supervised probation. Officer Kristina Hill[1], who works with probation and parole, supervised Defendant's probation and testified at the hearing regarding Defendant's supervision history. Defendant's first violation of his probation occurred on April 27, 2018, when he appeared in a photograph posted on Instagram with a pistol placed in his waistband. As a result, Defendant's probation was partially revoked, and he was reinstated. Officer Hill reported Defendant had also failed to report to the forensic social worker and had failed drug screenings for marijuana on January 14, 2019, and April 8, 2019, but no probation violation warrant was sought for these infractions.

On June 27, 2019, prior to a second probation violation warrant being issued against him, Defendant was cited in Marshall County for mitigated criminal littering. Defendant failed to appear in court as required for this charge on August 20, 2019. Officer Hill was unaware of Defendant's Marshall County charges until March 9, 2020.

On November 19, 2019, Defendant's probation officer filed a second probation violation report alleging that Defendant had been charged in Maury County with shoplifting, driving on a suspended license, and violation of the financial responsibility law. The record is unclear on the details of these charges, but it is clear that Defendant was ordered to serve a sentence of eleven-months, twenty-nine-days suspended to probation for crimes committed in Maury County.

On November 15, 2019, Defendant was pulled over in Williamson County for throwing a cigarette butt out of his vehicle window. During that traffic stop, the officer determined that Defendant had an outstanding warrant in Marshall County for the failure to appear in court on the littering citation, and that he had an outstanding warrant in Maury County for failing to appear in court for a review date. Thus, he was arrested. Defendant claims it was then that he first learned about the warrant for his arrest in Marshall County for failure to appear. Defendant alleges that he called his probation officer, Manager Crystal Gray, from the traffic stop to inform her about these two pending warrants. He testified that she instructed him to "come talk to [her] about it" when he bonded out. Defendant further testified that he ultimately resolved both warrants without making bond and that the littering citation was dismissed.

On January 7, 2020, at the hearing on Defendant's second probation violation, the trial court revoked Defendant's probation, ordered him to serve six months, and reinstated

---

[1] Officer Kristina Hill was referred to as "Rebecca Hill" and "Officer Hall" in the filed briefs; however, Officer Hill's name is clear in the technical record and we will refer to her accordingly.

him to probation.  Defendant was released from custody on March 8, 2020.  On March 9, 2020, Defendant reported to probation and met with Officer Hill.  He admitted during this meeting that he forgot to tell Officer Hill about the Marshall County charges, but stated that he had reported the charges to Officer Michael Batstone, who at the time of the second probation revocation hearing no longer worked with the probation office.  Defendant also told Officer Hill that he reported the Marshall County charges to Manager Gray.

On March 24, 2020, Officer Hill filed a third probation violation report against Defendant alleging that he was cited in Marshall County for mitigated criminal littering on June 27, 2019; that Defendant failed to appear in Marshall County General Sessions Court on August 20, 2019; that a failure to appear warrant was issued based on Defendant's failure to appear in Marshall County General Sessions Court for the littering citation; and that Defendant never reported any of his Marshall County charges to any probation officer until March 9, 2020.

At the hearing on the third probation violation, Officer Hill testified that standard operating procedures at probation meetings include providing probationers with report forms to report and document any encounters with law enforcement, and that any reporting would be noted in a probationer's file. Because there was not a completed form in Defendant's file, nor were there any reports, records, or contact notes regarding any conversations or reports of Defendant's contacts with law enforcement in Marshall County, Officer Hill concluded that Defendant did not report his contact to anyone in the State probation office.  Officer Hill further testified that had Defendant reported his Marshall County charges, he would have been sanctioned in accordance with standard operating procedures.  There was no evidence of sanctions in his file.

Defendant also testified at this third probation revocation hearing.  He acknowledged that he received a littering citation in 2019 in Marshall County, and that he "completely forgot," and failed to attend his court date.  He also testified that he forgot to pay the $50.00 fine to the Hunter's Safety Association.  Defendant claims that on November 15, 2019, he reported the citation to Manager Gray, his probation officer at the time.  Defendant also claims that he notified Manager Gray when the littering citation was retired.

Following the third probation violation hearing, the trial court found that the State had carried its burden of proving by a preponderance of the evidence that Defendant had violated his probation based on Defendant's admission that he failed to appear in Marshall County for his court date.  The trial court also found that based on "the totality of the circumstances and records ke[pt] in the ordinary course of business," that the State had carried its burden of proof as to Defendant's failure to report his arrest for failing to appear in Marshall County.  The trial court then fully revoked Defendant's probation and ordered

him to serve the remainder of his four-year sentence in confinement. It is from this judgment the Defendant now appeals.

## Analysis

On appeal, Defendant argues that the trial court abused its discretion by fully revoking his probation and ordering him to serve the remainder of his four-year sentence in confinement. The State argues that the trial court properly exercised its discretion when it found by a preponderance of the evidence that the defendant had violated the terms of his probation. We agree with the State.

The standard of review that applies to an appeal of the length, range, or manner of service of a sentence is an abuse of discretion standard with a presumption of reasonableness. *See State v. Bise*, 380 S.W.3d 682, 708 (Tenn. 2012). This standard also applies to probation revocation proceedings. *State v. Casey Dupra Drennon*, No. M2014-02366-CCA-R3-CD, 2015 WL 6437212 (Tenn. Crim. App., at Nashville, Oct. 23, 2015), *no perm. app. filed*. A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party. *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

If the trial court revokes a defendant's probation, the trial court may (1) order incarceration; (2) order the sentence into execution as initially entered, or, in other words, begin the probationary sentence anew; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the remaining probationary period for a period not to exceed two years. *See State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999) (Before appellant could successfully complete his initial two-year probationary term, he repeatedly violated the conditions of his probation. The trial court had the authority to revoke probation and order service of the original sentence because appellant had failed to complete an entire probationary period at the time that the violations occurred.) Moreover, an accused who is already on probation is not entitled to a second grant of probation or another form of alternative sentencing. *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App., at Nashville, Feb. 10, 1999), *perm. app. denied* (Tenn. June 28, 1999). Revocation may be based on acts committed prior to the probationary period which were unknown to the court at the time of the grant of probation. *State v. Stubblefield*, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997).

The credibility of witnesses at a probation revocation hearing is a question to be resolved by the trial court. *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965). The trial court's findings have the weight of a jury verdict. *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978). The trial court is free to exercise its judgment based on the proof in the record supporting a new criminal offense and is not bound by an acquittal. *State v.*

*Delp*, 614 S.W.2d 395 (Tenn. Crim. App. 1980). If the proof supports a finding that the defendant violated probation by engaging in criminal conduct, an acquittal on the same conduct does not preclude the trial court from revoking probation for the new criminal conduct. *Id*.; *State v. Agee Gabriel*, No. M2002-1605-CCA-R3-CD, 2004 WL 1562551, at *2 (Tenn. Crim. App., at Nashville, July 12, 2004) ("[T]he validity of the original warrant was not affected by the dismissal of the criminal charges arising from the acts alleged in the warrant'), *no perm. app. filed.*

Here, Defendant argues that the trial court erred because the violations presented in the third probation violation warrant occurred prior to his second probation violation warrant and hearing on January 7, 2020, and because those charges were allegedly subsequently dismissed. Further, Defendant disagrees with the conclusion of the trial court because it credited the State's witnesses over his testimony. He also argues that the State did not call as witnesses the multiple probation officers assigned to Defendant over the course of his supervision. Defendant admitted that he received a citation for littering and that he failed to appear in Marshall County for court on that charge. The trial court accredited the testimony of Officer Hill regarding standard operating procedures and probation records kept in the ordinary course of business over the testimony of Defendant regarding Defendant's failure to report the new charges.

The record clearly supports the trial court's finding that Defendant violated the terms of his probation. Once the trial court has found that a Defendant has violated the terms of his probation, it retains discretionary authority, pursuant to Tennessee Code Annotated section 40-35-310(b), to revoke the probation and order Defendant to service his sentence in confinement. The determination of the proper consequence of a probation violation embodies a separate exercise of discretion. *Hunter*, 1 S.W.3d at 647. Further, an accused who has already been granted probation is not entitled to either a second grant of probation, or another form of alternative sentencing. *Jeffrey A. Warfield*, 1999 WL 61065, at *2.

The trial court may revoke probation based on prior committed crimes as soon as they are made known to the court. Therefore, the Marshall County charges giving rise to the instant revocation, although committed prior to the second probation violation, are a sufficient basis for revocation in this case. The trial court credited officer Hill's testimony that Defendant violated his probation, and the evidence supports this finding. Defendant was free to call any witnesses in his defense but chose not to do so. He cannot now blame the State for not calling witnesses.

We conclude that the trial court did not abuse its discretion in its revocation of Defendant's probation. Accordingly, Defendant is not entitled to relief on this claim.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

JILL BARTEE AYERS, JUDGE