IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 21, 2025

## STATE OF TENNESSEE v. ALAN JOSEPH ROBERTSON

**Appeal from the Circuit Court for Hickman County**
**No. 22-5118CR   Michael E. Spitzer, Judge**

_____

### No. M2024-01807-CCA-R3-CD

_____

The Defendant, Alan Joseph Robertson, appeals the Hickman County Criminal Court's order revoking his probation for his sale of methamphetamine in an amount of 0.5 gram or more conviction and ordering him to serve the remainder of his ten-year sentence in confinement. The Defendant argues that the court abused its discretion by ordering him to serve his sentence in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and STEVEN W. SWORD, JJ., joined.

Melanie Totty Cage, District Public Defender; and John Schweri (on appeal) and Isaac Devine (at hearing), Assistant District Public Defenders, for the Appellant, Alan Joseph Robertson.

Jonathan Skermetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Hans Schwendimann, District Attorney General; and Beverly J. White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 25, 2023, the Defendant pleaded guilty in Hickman County to one count of selling methamphetamine in an amount of 0.5 gram or more and received a ten-year sentence on supervised probation. The conditions of the Defendant's probation included "I will obey the laws of the United States of America, or any state in which I may be," and "I will immediately report to my Probation Officer, within seventy-two (72) hours of my release from my sentencing hearing[.]" On June 27, a probation violation warrant was issued for the Defendant in Hickman County for his failure to report to his probation officer. On November 15, 2023, the Defendant was arrested in Humphreys County for

failure to appear and for the manufacture, sale, or delivery of methamphetamine. On January 23, 2024, an amended probation violation warrant was issued for the Defendant's November 16, 2023 Humphreys County convictions for the possession of methamphetamine and for failure to appear.

A probation revocation hearing was held on November 12, 2024. At the hearing, the Defendant entered a guilty plea to violating the terms and conditions of his probation, with the trial court to determine the appropriate consequences for the probation violation.

Tennessee Department of Correction probation officer Katie Howell testified that she supervised the Defendant's probation. She stated that she began supervising the Defendant on April 25, 2023, and that the Defendant was released from the Humphreys County jail on April 27, 2023. She noted that the Defendant did not contact her after he was released from jail. She said the Defendant's aunt eventually contacted her to say that the Defendant was living with the aunt. Ms. Howell recalled that in May of 2023, the aunt gave her a phone number to reach the Defendant, that the phone number differed from the number the Defendant had provided Ms. Howell, and that the Defendant did not answer Ms. Howell's calls or text messages. Ms. Howell said that no one was home when she made a home visit at the Defendant's address in McEwen. She stated that she sent a letter to the Defendant's address and received no reply. She acknowledged that she requested the probation violation warrant because the Defendant failed to report to the probation office. She said that she filed an amended warrant in January 2024 because the Defendant had committed new crimes.

On cross-examination, Ms. Howell testified that another officer processed defendants at the courthouse as they began their probation sentences. She stated she had never met the Defendant.

The Defendant testified that he was transferred to Humphreys County after he pleaded guilty to charges in Hickman County. He stated that he was in custody in Humphreys County for a couple of weeks until he pleaded guilty to misdemeanor charges. He said that he was "basically homeless" and that he could not stay at his aunt's home because firearms were stored at the home. He recalled that he began substance abuse disorder treatment at Safe Harbor in January 2024. He stated that Safe Harbor employees told him they would contact his probation officer. He said that he was sober when he checked into Safe Harbor, that he left Safe Harbor for hernia surgery, and that hernia pain prevented him from working. He stated that if he were returned to probation, he would undergo hernia surgery so that he could work and attend the Safe Harbor program.

On cross-examination, the Defendant stated that he briefly stayed with his aunt until he learned that he could not stay in a home where firearms were kept. He said that he called Ms. Howell once or twice, that they scheduled an appointment, and that he did not

attend the appointment. He stated that he was at Safe Harbor for "a couple of months" and then moved back into his aunt's home "to get surgery." He acknowledged that he did not contact his probation officer while at Safe Harbor and never was contacted by his probation officer. He agreed that he had been sentenced to probation before and knew that he had to meet with his probation officer as a condition of his probation. The Defendant noted that he had been on probation in California in 1983, incarcerated in Montana from 2013 to 2019, and convicted in Tennessee in 2023. He stated that he made an appointment with a doctor to discuss hernia surgery when he returned to live with his aunt. He said that he attempted to obtain TennCare insurance for the surgery but that he was denied coverage. He agreed that he had been sober while he was incarcerated, awaiting his probation revocation hearing. He acknowledged that he used methamphetamine in November 2023.

The State argued that the trial court should revoke the Defendant's sentence because of the Defendant's inability to work, his long record of criminal conduct, and the Defendant's admission that he maintained his sobriety when incarcerated. The Defendant countered that he should receive "partial revocation" of his sentence because he acknowledged that he did not adhere to the conditions of his probation but that his noncompliance was due to his homelessness, hernia, and inability to receive medical treatment.

The trial court found that the Defendant understood the conditions of his probation, failed to recognize the benefits of probation, and had a long history of probation violations. The court expressed concern for the public's safety, as well as for the Defendant's safety. The court found that the Defendant "[f]unctions best in a structured environment[.]" The court noted that the Defendant could receive the benefits of care from state agencies while incarcerated. The court revoked the Defendant's probation and ordered him to serve the remainder of his sentence in confinement.

The Defendant contends that the trial court erred in ordering the Defendant to serve his sentence in confinement and argues that the court should have returned him to supervised release or split confinement followed by supervised release. The State counters that the trial court properly exercised its discretion in revoking the Defendant's suspended sentence and ordering him to serve his sentence in confinement. We agree with the State.

"On appeal from a trial court's decision revoking a defendant's probation, the standard of review is abuse of discretion with a presumption of reasonableness so long as the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequence on the record." *State v. Dagnan*, 641 S.W.3d 751, 759 (Tenn. 2022). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285,

286 (Tenn. 1978). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

When a trial court determines that a defendant's probation must be revoked, the court must then decide upon an appropriate consequence. *Dagnan*, 641 S.W.3d at 757. A separate hearing is not required, but the court must address the issue on the record in order for its decision to be afforded the abuse of discretion with a presumption of reasonableness standard on appeal. *Id*. at 757-58.

After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than one year upon making additional findings, order a period of confinement, or order the defendant's sentence into execution as originally entered. T.C.A. §§ 40-35-308(a), (c) (Supp. 2024), -310 (Supp. 2024). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the Defendant pleaded guilty to violating the terms of his supervised probation by failing to report and being convicted of new offenses. The record supports the court's determination that the Defendant violated the conditions of his probation.

The trial court did not abuse its discretion by ordering the Defendant to serve the remainder of his sentence in confinement. The court placed on the record sufficient findings and stated its reasons for ordering the Defendant to serve his sentence. The court's determination is entitled to a presumption of reasonableness. The court found that the Defendant understood his probation conditions, failed to recognize the benefits of probation, and had a long history of probation violations. The court stated that it was concerned for the Defendant's and the public's safety should the Defendant be returned to supervised probation. The record supports the court's determination that the Defendant and the public would best be served by its ordering him to serve his sentence in confinement. The Defendant is not entitled to relief.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

s/**Robert H. Montgomery, Jr.**
ROBERT H. MONTGOMERY, JR., JUDGE

-4-